**Mark GREEN et ux. Jean Green, Appellants,**

v.

**Colleen CANON, Appellee.**

No. 14–98–00983–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 16, 2000.

Rehearing Overruled Jan. 11, 2001.

Christopher B. Allen, Houston, Preston C. Goodwin, The Woodlands, for appellants.

Gary L. Crofford, Houston, for appellees.

Panel consists of Justices CANNON, DRAUGHN, and LEE.*

## OPINION

NORMAN LEE, Justice (Assigned).

Mark Green and his wife, Jean Green, appeal from a summary judgment granted in a forcible entry and detainer action brought by Mark Green's mother, Colleen Canon. In two points of error the Greens argue the trial court erred in affirming summary judgment for appellee because (1) a letter written by appellee was a gift or, in the alternative, a contract for future conveyance of property, and (2) the trial court lacked jurisdiction. We affirm.

At issue is ownership of a Friendswood house which appellee purchased with her husband, Donald C. Green. Donald Green died in 1974, and title passed to appellee. When she remarried in 1979, appellee moved and allowed Mark Green, who was then nineteen, to live in the house on the condition that he keep up the property taxes, maintenance and utilities. Mark Green married and started a family of his own.

Meanwhile, appellee's health, financial situation, and marriage deteriorated. In 1997, she asked Mark and Jean Green to vacate the house so she could live there. They refused, so appellee filed a forcible entry and detainer action in a Galveston County justice court. Appellants contested title, claiming the house under a letter written by appellee, in which she offered to give them the house so they could save on property taxes. The justice court found for appellee, who then brought suit in the district court to clear any cloud to the title.[1] Appellants again sought to assert the 1990 letter as a defense, claiming that the letter was either a deed or a contract to convey, and claiming adverse possession under color of title. The district court

granted summary judgment to appellee, prompting this appeal.

## SUMMARY JUDGMENT

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–549 (Tex.1985). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmovant; every reasonable inference from the evidence will be indulged in favor of the nonmovant, and any doubts will be resolved in his favor. *Nixon*, 690 S.W.2d at 549. A defendant who conclusively negates at least one of the essential elements of each of the plaintiff's causes of action is entitled to summary judgment. *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex.1993). If the trial court does not specify a ground on which summary judgment was granted, we will affirm if any of the grounds asserted by the movant are meritorious. *Rogers v. Ricane Enters.*, 772 S.W.2d 76, 79 (Tex. 1989).

The crux of the question before us is the legal effect of the aforementioned letter. That letter states, in pertinent part (all emphasis, spelling and punctuation as in the original):

It is ridiculous that you all have to pay those high taxes on that house when you could be getting a Homestead Exemption. I will never move back in that house and as far as I am concerned it belongs to you both. If God Forbid something should happen to both Mark and Me—then I don't know where that would leave Jeannie as far as Mike & David are concerned, (as my will is written now). I want Jeannie to have the

---

* Senior Justices Bill Cannon, Joe L. Draughn and Norman Lee sitting by assignment.

1. The forcible entry and detainer case and the district court case were ordered consolidated after the hearing on the motion for summary judgment but before judgment was rendered.

house—she and my Grandchildren. The trouble is I can't do a thing about this. J.T. would have a *fit* especially in the situation we are in now. I don't want to sell you the house I want to *give* it to you. But to make it appear nothing has changed around here—if you could just give me a few bucks along it would cut down on my crap I catch here. (I don't mean more than what you have been doing.) ... So anything helps just *don't* take from my grandbabies to bring money here. *They* come first.

Now as to how you do this. When— (as soon as you can) go to an attorney tell him what we want to do—*Do Not* let him call here for anything—don't even give him the telephone number or anything. He will know how to draw up the papers and of course I will have to sign them. When we get to that—point I will think of some reason why I have to come there....

I know attorney's cost money and this will take time—but can you all be getting this started as soon as possible? It might be a good idea to go to a Realtor and ask what all is involved you may get some *free* information that way.

\* \* \*

I believe you have the housepapers don't you? If not let me know and I will figure out a way to get them to you. If you need a legal description to get things started you can get that from the tax office. I know its to late to do anything about 89's taxes but if we get started as soon as you can, maybe you can declare it your homestead for 1990!

Think about it! Put it on your list of things to do and make your future more secure and *save* some money!

> I love you
>
> Mom

■ Appellants contend this letter constitutes either a contract to convey the property or a deed, and that delivery of the letter completed a gift. We can dispense with the first contention quickly.

Appellee wrote in the instrument that "I don't want to sell you the house I want to *give* it to you." The letter therefore cannot be a contract to convey unless it is a deed which is ineffectual to pass title but which acknowledges receipt of valuable consideration. *Magee v. Young,* 145 Tex. 485, 198 S.W.2d 883, 886 (1946). Because the letter does not acknowledge receipt of valuable consideration, it is not a contract to convey. *Id.*

■ Next we must consider whether the letter constitutes a deed. This is crucial because the only method of concurrently giving an estate in land and of perfecting the gift is by executing a deed conveying the property to the donee. 41 Tex. Jur. 3d *Gifts* § 31 (1998) (citing *Wooldridge v. Hancock,* 70 Tex. 18, 6 S.W. 818 (1888)). The burden of proving a gift of real property is on the party claiming the gift was made. *Woodworth v. Cortez,* 660 S.W.2d 561 (Tex.App.—San Antonio1983, writ ref'd n.r.e.). In determining whether a gift was intended by execution of a deed, we look to all the facts and circumstances surrounding its execution in addition to the language of the instrument. *Haile v. Holtzclaw,* 414 S.W.2d 916, 927 (Tex.1967).

■ By statute, a deed must be in writing and must be subscribed or delivered by the conveyor or the conveyor's agent. Tex. Prop.Code Ann. § 5.021 (Vernon 1984). There is no longer a requirement, as there was at common law, that a deed or instrument to effect conveyance of real property have all the formal parts of a deed formerly recognized at common law or contain technical words. If from the whole instrument a grantor and grantee can be ascertained, and there are operative words or words of grant showing an intention by the grantor to convey title to a real property interest (which is sufficiently described) to the grantee, and is signed and acknowledged by the grantor it is a deed which accomplishes a legally effective conveyance. *Atlantic Richfield Co. v. Exxon Corp.,* 663 S.W.2d 858, 867 (Tex.App.— Houston [14th Dist.] 1983), *rev'd in part*

*on other grounds,* 678 S.W.2d 944 (Tex. 1984).

We find that this letter is insufficient to constitute a deed, for two reasons. First, the language of the instrument clearly contemplates future action, instructing appellants to call a lawyer and urging them to "get started as soon as you can" so they can benefit from a homestead exemption. This is not language which contemplates a completed gift. Secondly, a grantee cannot be ascertained with certainty from the face of the instrument. In the letter, appellee indicates she wants to give the property either to the community of Mark and Jean Green or, because she is uncertain as to what would happen if both she and Mark were to die, to Jean Green and her grandchildren. An attempted gift to the community would result in a tenancy in common between Mark and Jean Green. *See Bradley v. Love,* 60 Tex. 472 (1883); *Roosth v. Roosth,* 889 S.W.2d 445, 456 (Tex.App.—Houston [14th Dist.] 1994, writ denied). A gift to Jean Green and her children, however, would not. This detail, which would be vital if this letter were meant to be a deed, is instead treated as something that can be straightened out after the lawyer gets to work. We find the trial court correctly determined that this letter and its surrounding circumstances evidence an intent to make a gift in the future rather than a completed gift. Therefore summary judgment for appellee was proper.

## JURISDICTION

In his second point of error appellants contends the probate court erred in not dismissing the prior action, rather than transferring it to the district court while this case was pending.

We agree that the justice of the peace court should have dismissed the forcible entry and detainer action when it became apparent that title was at issue. However, this does not affect the district court judgment.

A litigant may pursue a forcible entry and detainer action in the justice court while simultaneously pursuing her other remedies in another court. *Haith v. Drake,* 596 S.W.2d 194, 196 (Tex.App.— Houston [1 Dist.] 1980, writ ref'd n.r.e.). "An eviction suit does not bar suit for trespass, waste, damages, rent or mensne profits." TEX. PROP.CODE ANN. § 24.008 (Vernon Supp.2000). Courts have interpreted this section to mean that an action for eviction is not exclusive, but cumulative of any other remedy a party may have in other state courts. *See, e.g., Holcombe v. Lorino,* 124 Tex. 446, 79 S.W.2d 307, 309 (1935); *Martinez v. Daccarett,* 865 S.W.2d 161, 163 (Tex.App.—Corpus Christi 1993, no writ).

Thus appellants essentially must argue that the district court was divested of jurisdiction by the transfer and consolidation of the forcible entry and detainer case. We disagree. A trial court does not lose jurisdiction of a cause because of its decision to consolidate cases. *See Montgomery v. Willbanks,* 202 S.W.2d 851, 853 (Tex.Civ.App.—Fort Worth 1947, writ ref'd). We conclude that the district court's judgment should not be affected by the justice court's error.

The judgment of the trial court is affirmed.