JONG IK WON, Appellant,

v.

Francisco P. FERNANDEZ, Appellee.

No. 14–09–00781–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 30, 2010.

Stuart N. Wilson, Houston, for appellant.

Robert A. Kouts, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices YATES and BOYCE.

## OPINION

LESLIE B. YATES, Justice.

Appellant Jong Ik Won appeals from the trial court's order granting summary judgment that the execution sale at which he purchased real property owned by appellee Francisco P. Fernandez was void. We reverse and remand.

In 2003, a default judgment was rendered against Fernandez in favor of Pablo Betancourt. To satisfy the judgment, Betancourt instituted procedures to have an execution sale of a piece of real property owned by Fernandez. A constable conducted the execution sale, and Won bought the property at the sale and then properly recorded the deed.

Fernandez filed a suit against Won to declare the execution sale void. Fernandez asserted many grounds to invalidate the sale and chose to move for summary judgment on the ground that the sale was void because Betancourt had not obtained a judgment lien by filing and recording an abstract of judgment in the county clerk's records before initiating the execution. The trial court granted the motion, and this appeal followed. In two interrelated issues, Won argues that the trial court erred in granting summary judgment because a judgment lien is not necessary for a valid execution sale. We agree.

■ Execution is a method of enforcing a judgment. See TEX.R. CIV. P. 621; *In re Andrews*, 239 F.3d 708, 711 (5th Cir.2001). To initiate an execution, a judgment creditor must obtain from a court a writ of execution that meets certain requirements and deliver it to a sheriff or constable. See TEX.R. CIV. P. 622, 629. The officer then levies on the property described in the writ of execution, usually by taking possession of the property (if personal property) or endorsing the writ (if real property). See TEX.R. CIV. P. 637, 639; *In re Andrews*, 239 F.3d at 711. If the officer then follows all appropriate procedures, such as providing notice to the property owner, the property may be sold to satisfy the judgment. See TEX.R. CIV. P. 646a–650; *In re Andrews*, 239 F.3d at 711.

■ Fernandez argues that the execution sale is void because Betancourt, the judgment creditor, did not file and record an abstract of judgment to create a judgment lien and without a lien, the officer had no authority to sell the property. Fernandez is correct that filing and recording an abstract of judgment creates a

judgment lien as to the judgment debtor's real property. *See* Tex. Prop.Code Ann. § 52.001 (West Supp.2009); *Gary E. Patterson & Assocs., P.C. v. Holub,* 264 S.W.3d 180, 193–94 (Tex.App.-Houston [1st Dist.] 2008, pet. denied). It is undisputed that Betancourt did not obtain a judgment lien. However, a judgment lien is not a prerequisite to an execution sale to satisfy a judgment.[1] *See* Tex.R. Civ. P. 621–656 (setting forth execution procedures; judgment lien never referenced); *Clint Indep. Sch. Dist. v. Cash Invs., Inc.,* 970 S.W.2d 535, 537 (Tex.1998) ("A valid judgment, execution, and sale are required to pass title to property at an execution sale."). Fernandez is correct that execution is a proper method to enforce a judgment lien,[2] but he cites no authority for his theory that a judgment lien is necessary for a valid execution sale. Fernandez insists that an officer has no authority to sell another's property without a lien, but the writ of execution gives the officer authority, and the levy in the execution process creates an execution lien. *See* Tex.R. Civ. P. 629, 637, 639; *Tex. Employers' Ins. Ass'n v. Engelke,* 790 S.W.2d 93, 95 (Tex. App.-Houston [1st Dist.] 1990, orig. proceeding) ("A valid levy of an execution creates a lien on the debtor's property in favor of the judgment creditor."); *James v. Eagle Rock Ranch,* 304 S.W.2d 471, 476 (Tex.Civ.App.-Austin 1957, no writ) (noting that a creditor may obtain a lien by either levy of execution or recording an abstract of judgment). Therefore, a judgment lien is not necessary to give the officer authority to act.[3]

The execution deed recites that all execution procedures were followed, and that has not been challenged for purposes of this appeal. The execution sale was not invalid because Betancourt did not obtain a judgment lien, and the trial court erred in granting summary judgment on this basis.[4] We sustain Won's issues, reverse the trial court's judgment, and remand for further proceedings consistent with this opinion.

---

1. Because a judgment lien only applies to real property, *see* Tex. Prop.Code Ann. § 52.001, it would be impossible to have a judgment lien as a prerequisite for an execution sale of personal property.

2. *See, e.g., Baker v. West,* 120 Tex. 113, 36 S.W.2d 695, 697 (1931) (noting the well-settled law that a judgment lienholder can foreclose on a judgment lien in an independent suit or through an execution sale).

3. A judgment lien and execution lien work together. If a judgment creditor obtains a judgment lien and then executes on the judg-

ment, the date of the execution lien relates back to the date of the judgment lien, thereby giving the judgment creditor priority over other creditors with claims arising after the date of the judgment lien. *See Onyx Ref. Co. v. Evans Prod. Corp.,* 182 F.Supp. 253, 256 (N.D.Tex.1959); Hugh M. Ray & Robin Russell, Tex. Practice Guide: Creditors Rights §§ 9:47, 10:76 (2009).

4. We express no opinion regarding any other grounds that Fernandez may later assert to attempt to invalidate the execution sale.