Opinion issued April 28, 2011


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00269-CV

———————————

Rodney Gordon,
Appellant

V.

West Houston Trees, Ltd., Appellee



 



 

On
Appeal from the 400th District Court

Fort
Bend County, Texas



Trial Court Case No. 08-DCV-161701

 



 

 

O P I N I O N

Appellant, Rodney Gordon, appeals from
the summary judgment granted by the trial court in favor of appellee, West
Houston Trees, Ltd.  In one point of
error, Gordon argues that the trial court erred in granting summary judgment.

We affirm. 

                                                                                                                                                                
Background

On July 14, 2006, West Houston Trees obtained a money
judgment against Gordon’s father, Winter Gordon, Sr.  At the time, Gordon’s father owned a tract of
land in Fort Bend County, the ownership of which is the subject of this
lawsuit.  On July 24, 2006, West Houston
Trees obtained an abstract of judgment and filed it in the Fort Bend County
property records, creating a judgment lien on all of Winter Gordon’s real
property in Fort Bend County.  On
February 9, 2007, it obtained an Order of Sale on the property.

On March 22, 2007, Gordon filed in the Fort Bend County
property records a “Purchase and Sale Agreement,” dated that day, which Gordon
asserts conveyed the relevant property to him.

West Houston Trees obtained a writ of execution on the
judgment, and, on April 3, 2007, the Fort Bend County Constable conducted a
constable’s sale of the property (the “Execution Sale”).  West Houston Trees purchased the property,
which is described in a “Deed under Execution,” executed on April 20, 2007, and
filed by West Houston Trees in the Fort Bend County property records on June
27, 2007.  

On October 3, 2007, Gordon filed a document entitled “Quit
Claim Deed” in the Fort Bend County property records.  By its terms, the Quit Claim Deed conveyed
Gordon’s interest in the property to himself as Trustee of the Rodney J. Gordon
Trust.

On January 23, 2008, Gordon filed in the Fort Bend County
property records an “Amended Warranty Deed,” backdated to March 22, 2007, the
date of the Sale Agreement.  The Amended
Warranty Deed was signed by Gordon and his father, and purported to correct
errors in the March 22 Purchase and Sale Agreement.  No original warranty deed was filed and there
is no evidence that one ever existed. 

On the same day that the Amended Warranty Deed was filed,
Gordon filed a suit for wrongful foreclosure against West Houston Trees, claiming
that West Houston Trees’ abstract of judgment was invalid and that the sale of
the relevant property from his father to himself was valid and properly
conveyed title to the property to him.  West
Houston Trees answered with a general denial, asserted various affirmative
defenses, and asserted three counterclaims and cross-claims against Gordon and
the Rodney J. Gordon Trust: (1) an action for declaratory relief asserting its
superior right to the property over Gordon; (2) a suit to quiet title; and (3) a
claim for affirmative relief against Gordon for filing a fraudulent document
against real property in violation of Civil Practice and Remedies Code Chapter
12.  It sought a declaration of its
rights and attorney’s fees pursuant to the Declaratory Judgments Act; the
greater of actual damages or statutory damages pursuant to Civil Practice and
Remedies Code section 12.002 for Gordon’s filing of a fraudulent document; and
costs.

Subsequently, West Houston Trees sought summary judgment
on all of the claims and affirmative defenses before the trial court.  It argued that it was entitled to summary
judgment on Gordon’s wrongful foreclosure action because the abstract of
judgment it filed was valid, established superior title to the property, and
gave notice to subsequent purchasers such as Gordon.  It further argued that proper foreclosure
procedures were followed and that, therefore, its Execution Deed, obtained upon
its purchase of the property at the Execution Sale and recorded in the Fort
Bend County property records, was valid. 
Therefore, the instruments filed by Gordon in the Fort Bend County
records constitute invalid hindrances, or clouds on its title.  West Houston Trees further argued that these
instruments were invalid and fraudulent and failed to convey a valid interest
in the property.  It contended that there
was no language of conveyance in the Sale Agreement; that the Sale Agreement
was an executory contract that did not convey title to the property; and that the
description of the property in the instruments filed by Gordon was insufficient
to identify the land on the ground.  Following
a hearing, the trial court rendered summary judgment on all of the grounds
asserted in the motion.  

Gordon asserts, in a single point of error on appeal, that
the trial court erred in granting West Houston Trees’ motion for summary
judgment.  He argues in seven sub-issues
that West Houston Trees was not entitled to summary judgment because (1) West
Houston Trees’ abstract of judgment was invalid as a matter of law; (2) the
recording and indexing of an abstract of judgment will not perfect or create a
lien on the judgment debtor’s real property when the cause number is omitted,
as happened in this case; thus, (3) West Houston Trees’ improperly filed
abstract did not satisfy the statutory requirements to create a lien against the
property; (4) Gordon, did not file a fraudulent document on the property; (5)
West Houston Trees’ suit to quiet title is without merit because the property
was sold to and recorded by Gordon before the property was sold at the Execution
Sale to West Houston Trees and the Execution Deed executed and recorded; (6) the
Purchase and Sale Agreement executed by his father and himself and filed in the
Fort Bend County property records contained the proper language of conveyance;
and (7) the property descriptions in the instruments he filed in the Fort Bend
County records were sufficient to identify the property.

                                                                                                                                                 
Standard of Review

To prevail on a traditional summary judgment motion, a
movant must prove that there is no genuine issue regarding any material fact and
that it is entitled to judgment as a matter of law.  See Tex.
R. Civ. P. 166a(c); Little v. Tex. Dep’t of Criminal Justice,
148 S.W.3d 374, 381 (Tex. 2004).  A party
moving for summary judgment on one of its own claims must conclusively prove
all essential elements of the claim.  See
Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).  A defendant may also prevail by traditional
summary judgment if it conclusively negates at least one essential element of a
plaintiff’s claim or conclusively proves an affirmative defense.  See IHS Cedars Treatment Ctr. of DeSoto,
Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).  A movant seeking traditional summary judgment
on an affirmative defense has the initial burden of establishing its entitlement
to judgment as a matter of law by conclusively establishing each element of its
affirmative defense.  See Chau v.
Riddle, 254 S.W.3d 453, 455 (Tex. 2008) (per curiam); see also Tex. R. Civ. P. 166a(b)–(c).  A matter is conclusively established if
reasonable people could not differ as to the conclusion to be drawn from the
evidence.  See City of Keller v.
Wilson, 168 S.W.3d 802, 816 (Tex. 2005).

If the movant meets its burden, the burden then shifts to
the nonmovant to raise a genuine issue of material fact precluding summary
judgment.  See Centeq Realty, Inc. v.
Siegler, 899 S.W.2d 195, 197 (Tex. 1995). 
The evidence raises a genuine issue of fact if reasonable and
fair-minded jurors could differ in their conclusions in light of all of the
summary-judgment evidence.  See Goodyear
Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007) (per
curiam).

On appeal, we review de novo a trial court’s summary
judgment ruling.  See Mann Frankfort
Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex.
2009).  In our review, we consider all
the evidence in the light most favorable to the nonmovant, crediting evidence
favorable to the nonmovant if reasonable jurors could, and disregarding
contrary evidence unless reasonable jurors could not.  See Mack Trucks, Inc. v. Tamez, 206
S.W.3d 572, 582 (Tex. 2006).

                                                                                                    
West Houston Trees’ Summary Judgment

West Houston Trees sought and was awarded summary judgment
on Gordon’s wrongful foreclosure suit and on its own suit to quiet title and
fraudulent document claims.[1]  

A.              
“Wrongful Foreclosure”

In his first, second, third, and fifth sub-issues, Gordon
argues that the abstract of judgment filed by West Houston Trees in the Fort
Bend County property records on July 24, 2006 did not attach and failed to give
notice of a valid lien to subsequent purchasers of the property, such as
himself.  Therefore, his title to the
property, which was recorded on March 22, 2007, was superior to West Houston
Trees’ title, obtained at the April 3, 2007 Execution Sale. 

Filing and recording an abstract of judgment creates a
judgment lien as to a judgment debtor’s real property.  Won v.
Fernandez, 324 S.W.3d 833, 834–35 (Tex. App.—Houston [14th Dist.] 2010, no
pet.); Gary E. Patterson & Assocs.,
P.C. v. Holub, 264 S.W.3d 180, 193–94 (Tex. App.—Houston [1st Dist.] 2008,
pet. denied).  

In order to obtain a lien on a judgment, the judgment
creditor must comply with the statutory requirements for creation of the
lien.  Tex.
Prop. Code Ann. §§ 52.001–52.007 (Vernon 2007 & Supp.
2010).  The first step in creating a lien
on a judgment is to obtain an abstract of the judgment.  Citicorp
Real Estate, Inc. v. Banque Arabe Internationale D’Investissement, 747
S.W.2d 926, 929 (Tex. App.—Dallas 1988, writ denied).  The purpose of an abstract of judgment is (1)
to create a judgment lien in the first place and (2) to provide notice to
subsequent purchasers of that lien’s existence. 
Holub, 264 S.W.3d at 194.

An abstract of judgment must show:

(1)     the
names of the plaintiff and defendant;

(2)     the
birthdate of the defendant, if available to the clerk or justice;

(3)     the last
three numbers of the driver’s license of the defendant, if available;

(4)     the
last three numbers of the social security number of the defendant, if available;

(5)     the
number of the suit in which the judgment was rendered;

(6)     the
defendant’s address, or if the address is not shown in the suit, the nature of
citation and the date and place of service of citation;

(7)     the
date on which the judgment was rendered;

(8)     the
amount for which the judgment was rendered and the balance due;

(9)     the
amount of the balance due, if any, for child support arrearage; and

(10)   the
rate of interest specified in the judgment.

Tex. Prop.
Code Ann. § 52.003(a) (Vernon Supp. 2010).

The clerk of the court in which the judgment was rendered
typically prepares the abstract of judgment. 
Id. § 52.002(a) (Vernon
2007).  It is the judgment creditor’s
responsibility, however, to ensure that the clerk abstracts the judgment
properly.  Rogers v. Peeler, 271 S.W.3d 372, 375 (Tex. App.—Texarkana 2008,
pet. denied).  Because a judgment lien is
created by statute, substantial compliance with the statutory requirements is
mandatory before the lien will attach.  Holub, 264 S.W.3d at 193.  Substantial compliance allows for a minor
deficiency in a required element of the abstract of judgment but does not allow
for the complete omission of a required element.  Id.
at 193–94.  

If the abstract of judgment does not substantially comply
with the statutory requirements, no lien is created regardless of whether the
other party has actual knowledge of the abstract or the underlying
judgment.  Id. at 194.  If an abstract
of judgment substantially complies with the statutory requirements and the
other statutory formalities are followed for filing the abstract, then a lien
is created that is superior to the rights of subsequent purchasers and
lienholders.  Rogers, 271 S.W.3d at 375.

When a lien is properly filed in the property records of a
county, the lien attaches to any real property of the defendant in that
county.  Tex. Prop. Code Ann. § 52.001 (Vernon Supp. 2010).  “Generally, the earlier title emanating from
a common source is better title and superior to others.”  Diversified,
Inc. v. Hall, 23 S.W.3d 403, 406 (Tex. App.—Houston [1st Dist.] 2000, pet.
denied).  Thus, “[w]hen properly recorded
and indexed, an abstract of judgment creates a judgment lien that is superior
to the rights of subsequent purchasers and lien holders.”  Wilson
v. Dvorak, 228 S.W.3d 228, 233 (Tex. App.—San Antonio 2007, pet. denied).  Accordingly, if a judgment lien is properly
attached to property, a subsequent purchaser of the property purchases it
subject to the judgment lien.  W. Trinity Props., Ltd. v. Chase Manhattan
Mortg. Corp., 92 S.W.3d 866, 870 (Tex. App.—Texarkana 2002, no pet.)
(holding subsequent purchaser takes property subject to prior lien).  

A judgment-holder can foreclose on a judgment lien either
through an independent suit or through an execution sale.  Won,
324 S.W.3d at 835 n.2.  Execution is a
method of enforcing a judgment by which a judgment creditor obtains from a
court a writ of execution that meets certain requirements and delivers it to a
sheriff or constable.  Id. at 834; see Tex. R. Civ. P.
621, 622, 629.  If the officer follows
all appropriate procedures, the property may be sold to satisfy the
judgment.  Won, 324 S.W.3d at 834; see Tex. R. Civ. P. 646a–650.  

“A valid judgment, execution, and sale are required to
pass title to property at an execution sale.” 
Clint Indep. Sch. Dist. v. Cash
Invs., Inc., 970 S.W.2d 535, 537 (Tex. 1998); Won, 324 S.W.3d at 835.  The
writ of execution gives the officer authority for the sale of the property, and
the levy in the execution process creates an execution lien.  Won,
324 S.W.3d at 835; see Tex. R. Civ. p.  629, 637, 639. 
The officer levies on the property described in the writ of execution,
usually, in the case of real property, by endorsing the writ.  Won,
324 S.W.3d at 834.  “A valid levy of an
execution creates a lien on the debtor’s property in favor of the judgment
creditor.” Id. (quoting Tex. Emp’rs Ins. Ass’n v. Engelke, 790
S.W.2d 93, 95 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding)).  

A judgment lien and an execution lien work together so
that “[i]f a judgment creditor obtains a judgment lien and then executes on the
judgment, the date of the execution lien relates back to the date of the
judgment lien, thereby giving the judgment creditor priority over other
creditors with claims arising after the date of the judgment lien.”  Id.
at 835 n.3.  When the property subject to
the execution lien is sold, the purchaser obtains an execution deed. See id. at 835.  The purchaser at the execution sale obtains
whatever title the grantor had at that time. 
Hall, 23 S.W.3d at 407.   

Gordon argues that the foreclosure and sale of the
property to West Houston Trees were wrongful because the abstract of judgment filed
by West Houston Trees in the Fort Bend County property records did not meet
either of the purposes of an abstract of judgment in that it did not create a
judgment lien and did not provide notice to subsequent purchasers of the
existence of a valid lien.  See Holub, 264 S.W.3d at 194.  Thus, his own purchase of the property on
March 22, 2007 was made free and clear of any liens.  He contends that on the date of the Execution
Sale, April 3, 2007, his father, the judgment debtor, had no title to
convey.  Therefore, the Execution Sale
was improper and the Execution Deed obtained by West Houston Trees upon its
purchase of the property at the Execution Sale and recorded in the Fort Bend
County property records is invalid.

We disagree with Gordon’s argument.[2]

1.                
Failure
of West Houston Trees’ Abstract to Create a Judgment Lien

First, Gordon argues that the abstract of judgment does
not meet the requirements for creating a judgment lien.  See Holub,
264 S.W.3d at 194 (holding that one purpose of abstract of judgment is to
create judgment lien).  The abstract of
judgment at issue identifies the cause number for the suit in which the
judgment was rendered as “03-CV-10474.” 
The actual cause number for the suit is “03-CV-130474.”  An abstract of judgment must show “the number
of the suit in which the judgment was rendered.”  Tex.
Prop. Code Ann. § 52.003(a)(5). 
West Houston Trees argues that the discrepancy is a minor deficiency in
the abstract of judgment and, accordingly, the abstract substantially complied
with the statutory requirements for creating an effective lien.

In San Antonio Loan
& Trust Co. v. Davis, the court of appeals had reversed and rendered
the judgment of the trial court in a previous appeal.  235 S.W. 612, 615 (Tex. Civ. App.—San Antonio
1921, no writ).  Subsequent to that
appeal, the clerk of the trial court prepared an abstract of judgment based on
the court of appeals’ judgment.  Id. 
As a result, the abstract of judgment incorrectly identified the
parties, stated the wrong cause number, and stated the wrong name of the
court.  Id.  In the second appeal, the
court of appeals held that the clerk of the trial court was required to file
the mandate issued by the court of appeals “to make it effective as the
judgment” of the trial court.  Id. 
Because the abstract of judgment incorrectly identified the parties,
stated the wrong cause number, and stated the wrong name of the court, it did
not substantially comply with the statutory requirements.  Id.
at 617.

In contrast, in Mullins
v. Albertson, the court held that an abstract of judgment that identified
the defendant as G. W. Albertson instead of G. M. Albertson substantially complied
with the statutory requirements.  136
S.W.2d 263, 264 (Tex. Civ. App.—San Antonio 1940, writ ref’d).  Similarly, misstatement of the date of the
judgment that is off by only a few days has been held to substantially comply
with the statutory requirements.  See Smith v. Adams, 333 S.W.2d 892, 894
(Tex. Civ. App.—Eastland 1960, writ ref’d n.r.e.) (discrepancy of one day); Guar. State Bank of Donna v. Marion Cnty.
Nat’l Bank, 293 S.W. 248, 248 (Tex. Civ. App.—San Antonio 1927, no writ)
(discrepancy of three days).

This case is closer to Mullins,
Smith, and Guaranty State Bank than
to Davis.  There is one typographical error in the
abstract of judgment as opposed to multiple errors.  The typographical error states a different
cause number with one digit missing from the correct cause number.  Because the only error in the required
elements for the abstract of judgment is a typographical misprint of the cause
number, we hold that the abstract of judgment substantially complies with the
requirements of section 52.003.

2.                
Failure
of West Houston Trees’ abstract to give notice to subsequent purchasers

Second, Gordon argues that the abstract of judgment does
not provide notice to subsequent purchasers of the lien’s existence.  See Holub,
264 S.W.3d at 194 (holding one purpose of abstract of judgment is to provide
notice to subsequent purchasers of lien’s existence); see also Wilson, 228 S.W.3d at 235 (holding abstract of judgment
that meets statutory requirements can still fail to provide sufficient
notice).  To be effective, a lien must be
recorded in the real property records for the county in which the property to
which the lien is to be attached is located. 
Tex. Prop. Code Ann. § 52.004
(Vernon 2007); see also Citizens State
Bank of Clarinda, Iowa v. Del-Tex Inv. Co., 123 S.W.2d 450, 452 (Tex. Civ.
App.—San Antonio 1938, writ dism’d judgm’t cor.) (holding object of statutory
requirements for abstract of judgment and recordation is to put subsequent
purchasers on notice of lien thereby created). 
The cause number of the underlying judgment is not used in the
recordation or indexing of the lien in the real property records.  See
Tex. Prop. Code Ann. § 52.004.  Accordingly, any typographical error in the
cause number does not affect the abstract of judgment’s ability to put
subsequent purchasers on notice of the lien’s existence.

We hold that Gordon has failed to show that the Execution
Sale was invalid because West Houston Trees’ judgment lien failed to attach and
give notice of the existence of a valid lien to subsequent purchasers.  We further hold that the abstract satisfied
the requirements of Property Code section 52.003 and that the judgment lien was
properly recorded in the Fort Bend County property records, creating a lien
superior to the rights of subsequent purchasers and lien holders.  See
Wilson, 228 S.W.3d at 233.  Gordon
makes no argument and has presented no evidence that the Execution Sale was
otherwise improper.  We hold, therefore,
that the property was properly levied upon and that the execution lien created
in favor of West Houston Trees related back to July 24, 2006, the date of West
Houston Trees’ judgment lien, giving it priority over subsequent purchasers.  See Won,
324 S.W.3d at 835 n.3; Wilson, 228 S.W.3d
at 233.  Therefore, the Execution Deed
obtained by West Houston Trees and recorded in the Fort Bend County property
records following its purchase of the property at the Execution Sale properly
reflected transfer of title from Gordon’s father, the owner of the property on
the date the judgment lien attached, to West Houston Trees.  See Hall,
23 S.W.3d at 407.

We overrule Gordon’s first, second, third, and part of his
fifth sub-issues.

B.              
West Houston Trees’ Suit to Quiet Title

In part of his fifth sub-issue and in his sixth and
seventh sub-issues, Gordon argues that West Houston Trees’ suit to quiet title
fails because he has title superior to West Houston Trees’.

West Houston Trees’ suit to quiet title asserts that the
sale of the property from Gordon’s father to Gordon is a hindrance that creates
“the appearance of a better right” in Gordon than in West Houston Trees and
that is, in fact, invalid.  Bell v. Ott, 606 S.W.2d 942, 952 (Tex.
Civ. App.—Waco 1980, writ ref’d n.r.e.). 
It argues that its judgment lien was validly created prior to the
purported conveyance of the property to Gordon; that the Purchase and Sale
Agreement, whereby Gordon’s father purported to convey the property to Gordon
prior to the Execution Sale, failed to convey title to the land; that the land
was properly conveyed to it at the Execution Sale and its Execution Deed is
valid; and, therefore, Gordon’s filings in the Fort Bend County property
records constitute invalid hindrances on its title.

A suit to quiet title—also known as a suit to remove cloud
from title—relies on the invalidity of the defendant’s claim to the
property—here, Gordon.  See Longoria
v. Lasater, 292 S.W.3d 156, 165 n.7 (Tex. App.—San Antonio 2009, pet.
denied).  It exists “to enable the holder
of the feeblest equity to remove from his way to legal title any unlawful
hindrance having the appearance of better right.”  Bell,
606 S.W.2d at 952 (quoting Thomson v.
Locke, 66 Tex. 383, 1 S.W. 112, 115 (1886)); see also Hahn v. Love, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st
Dist.] 2009, pet. denied) (quoting Bell,
606 S.W.2d at 952).  A cloud on title
exists when an outstanding claim or encumbrance is shown, which on its face, if
valid, would affect or impair the title of the owner of the property.  Hahn,
321 S.W.3d at 531.  The effect of a suit
to quiet title is to declare invalid or ineffective the defendant’s claim to
title.  See id. (holding plaintiff bears burden of establishing that
adverse claim is cloud on title that equity will remove); Bell, 606 S.W.2d at 952 (holding quiet title action enables holder
of feeblest equity to remove unlawful hindrance).  Accordingly, West Houston Trees’ suit to
quiet title depends on its establishing that the claim asserted by Gordon (1)
constitutes a hindrance having the appearance of a better right to title than
its own, that (2) appears to be valid on its face, and that (3) for reasons not
apparent on its face, is not valid.  See Hahn, 321 S.W.3d at 531; Bell, 606 S.W.2d at 952.

1.                
The March 22, 2007 Purchase and Sale Agreement

We have held that West Houston Trees had superior rights
in the property on the date of the Execution Sale, that the sale of the
property to it was proper, and that it is the owner of the property under the
Execution Deed, which was properly recorded in the Fort Bend County property
records.  Therefore, the Purchase and
Sale Agreement, which appears to record a valid earlier purchase of the
property by Gordon, is invalid for reasons not apparent on its face and
constitutes a hindrance on West Houston Trees’ title which West Houston Trees
is entitled to have removed.  See Hahn, 321 S.W.3d at 531; Bell, 606 S.W.2d at 952.

However, even if West Houston Trees was not entitled to
removal of the cloud on its title by virtue of its superior right to the
property under its judgment lien, we would still hold that the instruments
filed by Gordon in the Fort Bend County property records did not record valid
conveyances of the property, that no title passed to Gordon or to the Gordon
Trust, and that West Houston Trees’ Execution Deed is valid and it is therefore
entitled to the removal of each of these instruments from its chain of title as
invalid hindrances.

To validly convey an interest in land, a contract for the
sale of real estate must satisfy the requirements of both the statute of
conveyances, Property Code section 5.021, and the statute of frauds, Business
and Commerce Code section 26.001.  To be
enforceable and comply with the statute of frauds, a contract for the sale of
real property must be in writing and signed by the person to be charged with
the agreement.  Tex. Bus. & Com. Code Ann.
§ 26.01(a), (b)(4) (Vernon 2009); Cate
v. Woods, 299 S.W.3d 149, 152 (Tex. App.—Texarkana 2009, no pet.).  To convey an interest in land under the
statute of conveyances, the instrument of conveyance must be in writing, must
be signed, and must be delivered by the party disposing of his interest.  Tex. Prop.
Code Ann. § 5.021 (Vernon
2004); Thompson v. Clayton, No.
08-07-00152-CV, 2009 WL 1620428, at *4 (Tex. App.—El Paso June 10, 2009, no
pet.); McDaniel v. Carruth, 637
S.W.2d 498, 505 (Tex. App.—Corpus Christi 1982, no pet.).  

In essence, the instrument conveying the land must contain
the essential characteristics of a deed. 
See Tex. Prop. Code Ann. § 5.021; see Green v. Canon, 33 S.W.3d 855, 858 (Tex. App.—Houston [14th
Dist.] 2000, pet. denied).  There is,
however, no longer a requirement that a deed or instrument to effect the
conveyance of real property must have all the formal parts of a deed recognized
at common law or technical language.  Green, 33 S.W.3d at 858; see also Marrs & Smith, P’ship, v. D.K.
Boyd Oil & Gas Co., No. 08-00-00386-CV, 2002 WL 1445334, at *5 (Tex.
App.—El Paso July 3, 2002, no pet.) (not designated for publication).  Rather, if (1) from the instrument as a whole
a grantor and grantee can be ascertained and (2) there are operative words or
words of grant showing an intention by the grantor to convey to the grantee
title to a real property interest, (3) which is sufficiently described, and (4)
the instrument is signed and acknowledged by the grantor, then the instrument
of conveyance is a deed that accomplishes a legally effective conveyance.  Green,
33 S.W.3d at 858; Marrs & Smith,
2002 WL 1445334, at *5.    

The construction of an unambiguous deed is a question of
law for the court, and the primary duty of the court in construing a deed is to
ascertain the intent of the parties from all of the language in the deed within
the four corners of the instrument.  Luckel v. White, 819 S.W.2d 459, 461
(Tex. 1991); Centerpoint Energy Houston
Elec., L.L.P. v. Old TJC Co., 177 S.W.3d 425, 430 (Tex. App.—Houston [1st
Dist.] 2005, pet. denied).  The court
must strive to harmonize all of the parts, construing the instrument to give
effect to all of its provisions.  Luckel, 819 S.W.2d at 462; Centerpoint Energy, 177 S.W.3d at 430.  Extrinsic evidence of intent is admissible
only when an ambiguity appears on the face of the deed, in a suit for
reformation, or when a party alleges fraud, accident, or mistake.  Centerpoint
Energy, 177 S.W.3d at 430.  Whether a
contract is ambiguous is likewise a question of law.  Id.  If a written contract or deed is worded in
such a way that it can be given a definite or certain legal meaning, then the
contract is not ambiguous.  Id. at 430–31; Marrs & Smith, 2002 WL 1445334, at *5.  If the deed language is susceptible to a
single meaning, the court is confined to the writing.  Marrs &
Smith, 2002 WL 1445334, at *5; Cherokee
Water Co. v. Freeman, 33 S.W.3d 349, 353 (Tex. App.—Texarkana 2000, no
pet.).

Language in an instrument that contemplates future action
is not language that contemplates a completed transaction in land.  See Green,
33 S.W.3d at 859 (holding attempted gift of land invalid where contemplated
future action evidenced “an intent to make a gift in the future rather than a
completed gift”); see also Marrs &
Smith, 2002 WL 1445334, at *6 (finding that agreement purportedly conveying
interest in land did not evidence present intent on part of alleged grantor to
convey interest in land where agreement contemplated obligation to convey
interest upon occurrence of specific future event).

Here, the Purchase and Sale Agreement (or the “Agreement”)
was executed by both Gordon and his father on March 22, 2007.  It purported to convey “unimproved real
property commonly known as 0 POOL HILL RD. 
REAR, FULSHEAR, TEXAS, located in the City of FULSHEAR, County of FORT
BEND, State of TEXAS,” and was further described in Section 1 as “0081 J SAN
PIERRE, TRACT 7, ACRES 21.3030 Fort Bend County.”  The Agreement set out a purchase price of
$21,000 and acknowledged receipt of a deposit of $2,000, which, it stated,
“will be applied to the purchase price at closing.”  The Agreement then stated:

Section 3.
DEED.  Upon execution of this Agreement,
Seller will convey the Property by a good and sufficient Warranty deed
conveying a good and marketable title, free of all liens and encumbrances,
except (i) all easements, rights of way, covenants and restrictions of record,
(ii) current and future real estate taxes and assignments, (ii) zoning and
other governmental laws and regulations, provided none of the foregoing
interfere with the continued use of the Property for its present use.  Seller, at is sole cost, shall furnish Buyer
with a preliminary report or abstract of title from a reputable title company
as soon as possible after the execution of this Agreement.

 

The Agreement also stated, “The
deed will be delivered on March 22, 2007 and the purchase price will be paid in
full on or by October 31, 2007.”  It
further stated, “At the closing, Seller and Buyer agree to execute and deliver
to the other all instruments required by law or which may reasonably be
requested by the other party or the closing agent.”  

We conclude that the Agreement, by its plain language, fails
to demonstrate a present intent of the parties to convey title to the property
from Gordon’s father to Gordon.  Rather,
the express language of the Agreement contemplates conveyance of the property
“by a good and sufficient Warranty deed conveying a good and marketable title,
free of all liens and encumbrances” except those specified in the Agreement.  There is no indication in the record that any
such deed was in existence or had been drafted, executed, or delivered on or
before March 22, 2007.  Moreover, the
language of the Agreement expresses the clear intent that a number of other
future actions be taken prior to completing the conveyance, including a title
search, and there is no indication from the documents in the record that these
actions were completed prior to March 22, 2007. 
The Agreement fails to satisfy the requirements of the statute of conveyances
that there be operative words of grant showing an intention by Gordon’s father
to convey title to the property to Gordon by means of the Purchase and Sale
Agreement itself. See Green, 33
S.W.3d at 859 (holding that language in instrument that contemplates future
action is not language which contemplates completed transaction in land); Marrs & Smith, 2002 WL 1445334, at
*6.  

Accordingly, we hold that the Purchase and Sale Agreement
does not constitute a valid conveyance of land from Gordon’s father to Gordon
on March 22, 2007.  Because there was no
valid prior conveyance of the property from Winter Gordon to Gordon, Winter
Gordon was still the owner of the property on the date of the Execution Sale.  There is no evidence that the property was
not validly conveyed to West Houston Trees by the Execution Sale, as recorded
in the Execution Deed, which was properly filed in the Fort Bend County
property records.  Therefore, even if
West Houston Trees had not had superior title by virtue of the attachment of
its judgment lien prior to the April 3, 2007 Execution Sale, we would still
hold that the Purchase and Sale Agreement filed in the Fort Bend County
property records constitutes an invalid hindrance on West Houston Trees’ title
to the property and that West Houston Trees is entitled to its removal.  See Hall,
23 S.W.3d at 407 (holding that purchaser of real property under “constable’s
deed” takes whatever title seller had); Won,
324 S.W.3d at 835 (holding that judgment lien is not prerequisite for execution
sale).

2.                
The
Quit Claim Deed and the Amended Warranty Deed

Gordon’s claim to the property does not rest exclusively
upon the validity of the Purchase and Sale Agreement.  He contends that the Amended Warranty Deed,
filed in the Fort Bend County property records on January 23, 2008, which
purports to correct errors in the March 22, 2007 Purchase and Sale Agreement
and is backdated to that date, relates back to the date of the Purchase and
Sale Agreement and evinces his ownership of the property from that date,
rendering the Execution Sale invalid even if the Purchase and Sale Agreement
failed to convey valid title to the property. 
He further argues that the Quit Claim Deed he filed in the Fort Bend County
property records on October 3, 2007, which purports to convey his interest in
the property to himself as Trustee of the Rodney J. Gordon Trust, is valid and
demonstrates that present title to the property lies in the Trust.

West Houston Trees argues that both instruments constitute
invalid hindrances on its title.  We
agree.  

We hold that the Amended Warranty Deed, a purported
“correction deed,” is invalid because there was no instrument that validly
conveyed land—no general warranty deed—which it corrected, and “[i]t is well
established under Texas law that a party cannot convey to another a greater
interest in a property than it possesses.” 
Centerpoint Energy, 177 S.W.3d
at 432.  We hold that the Quit Claim Deed
is invalid because Gordon had no interest in the property to convey to the
Rodney J. Gordon Trust in October 2007.  See Hall, 23 S.W.3d at 407 (stating that
“quitclaim deed” conveys any title, interest or claim of grantor, but does not
profess that title is valid or contain any warrant or covenants of title;
quitclaim deed does not establish title in person holding deed, but merely
passes whatever interest grantor has in property).  

We hold that West Houston Trees is entitled to judgment
removing from its title the hindrances occasioned by Gordon’s filing of the
Purchase and Sale Agreement, the Amended Warranty Deed, and the Quit Claim Deed.  See Hahn,
321 S.W.3d at 531; Bell, 606 S.W.2d at
952.  

We overrule Gordon’s sub-issues five, six, and seven.

                                                   
C.      West
Houston Trees’ Suit for Filing a Fraudulent Document

Finally, West Houston Trees brought a claim against Gordon
for filing a fraudulent document claiming an interest in real property in
violation of Civil Practice and Remedies Code Chapter 12.  West Houston Trees moved for summary judgment
on this basis as well.  The trial court
found that there was no genuine issue of material fact as to West Houston
Trees’ counterclaim for Gordon’s filing of a fraudulent document and that West
Houston Trees was entitled to summary judgment on its claim; it awarded West
Houston Trees statutory damages in the amount of $10,000.  In his fourth issue, Gordon argues that he
did not file a fraudulent document on the property.

Section 12.002 of the Civil Practices and Remedies Code
provides, in relevant part:

(a)     A
person may not make, present, or use a document or other record with:

(1)     knowledge
that the document or other record is a fraudulent court record or a fraudulent
lien or claim against real or personal property or an interest in real or
personal property;

(2)     intent
that the document or other record be given the same legal effect as a court
record or document of a court created by or established under the constitution
or laws of this state or the United States or another entity listed in Section
37.01, Penal Code, evidencing a valid lien or claim against real or personal
property or an interest in real or personal property; and

(3)     intent
to cause another person to suffer:

(A)    physical
injury;

(B)     financial
injury; or

(C)     mental
anguish or emotional distress.

. . . .

Tex. Civ.
Prac. & Rem. Code Ann. § 12.002(a) (Vernon Supp. 2010).  A person proving its claim under the statute
is entitled to statutory damages of $10,000. 
Id.

A party asserting a claim
under the fraudulent document statute has the burden to prove the requisite
elements of the statute.  Aland v. Martin, 271 S.W.3d 424, 430
(Tex. App.—Dallas 2008, no pet.).  Intent
to defraud is not susceptible to direct proof; therefore, “it invariably must
be proven by circumstantial evidence.”  Spoljaric v. Percival Tours, Inc., 708
S.W.2d 432, 435 (Tex. 1986).  

To be entitled to summary judgment
and an award of damages, West Houston Trees had the burden to prove every
element of its fraudulent document claim, including (1) that Gordon knew at
least one of these documents was a fraudulent claim against real property; (2)
that he intended that the purported claim against real property be given the same
legal effect as a valid claim against real property; and (3) that he intended
thereby to cause financial injury to West Houston Trees.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 12.002(a)(1)–(3).  

          West
Houston Trees presented evidence sufficient to establish as a matter of law that
Gordon intended that the documents claiming to convey property be given the
same legal effect as a valid conveyance and that he intended thereby to cause
West Houston Trees to lose the property it had purchased, to its financial
injury.  In addition, West Houston Trees
presented evidence that raises a fact issue as to whether Gordon knew that his documents
were invalid.  The Purchase and Sale
Agreement, filed after West Houston Trees had filed its abstract of judgment
and obtained an order of sale from the court was, by its timing and its terms,
clearly intended to remove the property from West Houston Trees’ reach.  It contemplated future actions, including the
provision of an opinion of clear title by a title company and the execution of
a general warranty deed.  Gordon never
showed such a deed to have been in existence at the time of the purported
transfer of the property to him on March 22, 2007.  Therefore, he failed to show that the Amended
Warranty Deed was valid, and, failing to make that showing, he could not show
that the subsequent Quit Claim Deed, re-conveying title to land purportedly
conveyed to him by the Purchase and Sale Agreement and the Amended Warranty
Deed, was valid.

However, the fact that
Gordon sued West Houston Trees for wrongful foreclosure and made colorable
arguments in support of its claims is some evidence that he did not know that
his own filings were fraudulent documents, rather than proper filings intended
to properly record the valid sale of the property to him and its further
conveyance to the Rodney J. Gordon Trust. 

We hold that West Houston
Trees has not carried its burden of proving as a matter of law the first
element of its fraudulent document claim, namely that Gordon knew that the
documents he filed were fraudulent claims against real property that did not
evidence valid conveyances.  See Tex.
Civ. Prac. & Rem. Code Ann. § 12.002(a)(1).  Accordingly, we hold that the trial court erred
in granting summary judgment on West Houston Trees’ claim that Gordon filed fraudulent
documents in violation of Civil Practice and Remedies Code section 12.002 and
in awarding it $10,000 in statutory damages.

We sustain Gordon’s fourth sub-issue.




 

                                                                                                                                                                   
Conclusion

We affirm the trial court’s summary judgment in favor of
West Houston Trees on its motion for summary judgment on Gordon’s suit for
wrongful foreclosure and on its own suit to quiet title.  We reverse the summary judgment in favor of
West Houston Trees on its claim against Gordon for filing a fraudulent document
in violation of Chapter 12 of the Civil Practice and Remedies Code, and we remand
for further proceedings on that claim in accordance with this opinion.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel consists of
Justices Keyes, Higley, and Bland.

Justice Higley, dissenting
in part and concurring in the judgment only in part.











[1]           When an action for declaratory relief and a suit to quiet
title are based on the same facts and request similar relief, they are both
treated as one suit to quiet title.  Sw. Guar. Trust Co. v. Hardy Road 13.4 Joint
Venture, 981 S.W.2d 951, 957 (Tex. App.—Houston [1st Dist.] 1998, pet.
denied).

 





[2]           We do not disagree with the dissent’s recharacterization of
Gordon’s suit as a trespass to try title action rather than a true wrongful
foreclosure action.  See Martin. v. Amerman, 133 S.W.3d 262, 265 (Tex. 2004) (setting
out elements of trespass to try title action); cf. Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex.
App.—Corpus Christi 2008, no pet.) (setting out elements of wrongful
foreclosure).