

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-13-00304-CV

---

MCT ENERGY, LTD., APPELLANT

V.

KEVIN COLLINS, EXECUTOR AND BENEFICIARY OF THE
ESTATE OF LINDA LOU COLLINS, APPELLEE

---

On Appeal from the 286th District Court
Cochran County, Texas
Trial Court No. 11-09-4251, Honorable Pat Phelan, Presiding

---

October 21, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

We are asked to resolve a dispute regarding whether Kevin Collins, as the executor and beneficiary of the estate of Linda Lou Collins, (Collins) owns a 1.974% working interest in two particular oil and gas leases. Collins commenced an action against MCT Energy, Ltd. (MCT), seeking a declaratory judgment pronouncing that he owned such an interest. So too did he allege causes of action sounding in fraud, breached contract, and, eventually, trespass to try title. Collins' position is based upon a document signed in 1983 purportedly by the predecessors-in-interest of both Collins

and MCT. Of course, the latter disputed Collins' claim and moved for summary judgment. Collins responded by seeking a partial summary judgment declaring that he owned the working interest. The trial court granted Collins' motion. Thereafter, a trial was convened on the issue of damages. Upon the jury rendering a verdict favoring Collins, the trial court issued its final judgment reiterating that Collins owned a 1.974% interest in the leases and awarding the damages found by the jury.

MCT appealed and contended that 1) the trial court erred in granting a partial summary judgment because the 1983 document purporting to evince a conveyance of a 1.974% working interest was not a deed or conveyance, 2) the method for adjudicating the claim was through an action for trespass to try title, not a declaratory proceeding, 3) the 1983 document was ambiguous, 4) the trial court erred in awarding attorney's fees based on a declaratory judgment cause of action, 5) the trial court erred in awarding damages based on a four-year statute of limitations instead of a two-year statute, and 6) the trial court erred in denying its motion to transfer venue. We reverse and remand.

*1983 Writing*

As mentioned, MCT opens its attack upon the final judgment by contending that the 1983 document was not a conveyance or deed. That is, it "contained no words of grant and, thus, failed to meet the essential elements of a conveyance . . . [it] did not contain any words suggesting a present intent to convey property, and as such, was not a conveyance as a matter of law."

To address the argument, we turn to the writing itself. It reads as follows:

> WHEREAS, an **agreement** was entered into on or about May 5, 1956 between F.M. LATE/LATE OIL COMPANY, and Louis C. Wacker, which acknowledged and honored his/~~her/their~~ (1.974%) Working/~~Royalty Interest~~ in the following described Oil and Gas Lease . . . .

2

FURTHER, it was understood and agreed between the parties that all income and expense would be either disbursed or billed to any other interested parties by F.M. Late/Late Oil Company under the specific verbal agreement between Operator, Getty Oil Company, and F.M. Late/Late Oil Company.

As of date indicated below, the Working/~~Royalty Interest~~ held by Louis C. Wacker is 1.974%.

This **agreement** is drawn and acknowledged between the aforesaid parties for reference purposes only, and is not [sic] be recorded.

Dated this 24th day of May, 1983.

(Emphasis added). The document was signed by F.M. Late and "ACKNOWLEDGED and AGREED" to by Louis C. Wacker.[1] According to MCT, an "instrument of conveyance must . . . contain the essential characteristics of a deed." The "essential characteristic" purportedly missing in the 1983 instrument is words expressing an intention by Late to convey to Wacker an interest in the property. The authority cited by MCT to support its position, i.e., *Gordon v. West Houston Trees, Ltd.*, 352 S.W.3d 32 (Tex. App.—Houston [1st Dist.] 2011, no pet.), does express that the instrument is effective if it contains, among other things, "operative words or words of grant showing an intention by the grantor to convey to the grantee title to a real property interest." *Id.* at 43. It further states that there is no longer a requirement that the instrument have all the formal parts of a deed recognized at common law or contain technical language to be effective. *Id.*; *accord Green v. Canon*, 33 S.W.3d 855, 858-59 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (stating that "[t]here is no longer a requirement, as there was at common law, that a deed or instrument to effect conveyance of real property have all the formal parts of a deed formerly recognized at common law or contain

---

[1] Late was MCT's predecessor-in-interest while Wacker was that of Collins.

3

technical words"). Instead, the writing is enforceable if, when read in its entirety, one can ascertain 1) a grantor and grantee and 2) intent by the former to convey an interest in sufficiently described realty to the latter.[2] *Id.* Again, no technical words, such as "convey," "sell," "grant," "assign" or the like, need be used to express the requisite intent. It is enough if the words actually used reveal that intent.

While the 1983 document contains no words like "convey" or "grant" or "sell," it nonetheless refers to an "agreement" made in 1956 between Late and Wacker that "acknowledged and honored" Wacker's 1.974% interest in the leases at issue. Thereafter, the parties to the "agreement" reiterated that the interest "held by Louis C. Wacker is 1.974%." Read as a whole, the language of the document illustrates that both Late and Wacker intended that Wacker own the 1.974% interest in the leases. Whether the ownership came through a gift, purchase, or some other mechanism is unimportant; Late (MCT's predecessor-in-interest) intended, since 1956, that it belong to Wacker. So, we conclude that the language is enough to satisfy the "intent" prong mentioned in *Gordon* and *Green* and overrule MCT's first issue[3]

The concern now becomes, though, the nature of the interest conveyed. MCT disputes that it is the type of interest sought by Collins, that is, a working interest in the leases. That leads us to the next point urged in the appellant's brief.

---

[2] Of course, the purported grantor must also sign the instrument. *Green v. Canon*, 33 S.W.3d 855, 858-59 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

[3] Though MCT did not allude to it in its brief, evidence appears of record disclosing that Wacker and his successors-in-interest have been receiving proceeds from that interest from both MCT and its predecessors-in-interest.

*Trespass to Try Title*

To the extent that Collins sought an adjudication that the right encompassed by the 1983 document was a working interest, MCT argued below and here that the only means by which such an adjudication could occur was through an action in trespass to try title. It could not be resolved through an action for declaratory judgment or a partial motion for summary judgment seeking declaratory relief. We agree.

A working interest is a mineral interest, *Steger v. Muenster Drilling Co.*, 134 S.W.3d 359, 367 n.7 (Tex. App.—Fort Worth 2003, pet. denied), or interest in land. *Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 437 (Tex. App.—Dallas 2002, pet. denied). It provides the interest holder with the right to drill, produce, and otherwise exploit the minerals encompassed by it. *H.G. Sledge, Inc. v. Prospective Inv. & Trading Co.*, 36 S.W.3d 597, 599 n.3 (Tex. App.—Austin 2000, pet. denied). Given that, the interest is deemed possessory, as opposed to a royalty interest which is non-possessory. *See Natural Gas Pipeline Co. v. Pool of Am.*, 124 S.W.3d 188, 192 (Tex. 2003) (stating that a "royalty interest, as distinguished from a mineral interest, is a non-possessory interest"). This is of import because an action in trespass to try title is the way by which the judiciary determines title to land or other real property.[4] Tex. Prop. Code Ann. § 22.001(a) (West 2000) (stating that a "trespass to try title action is the method of determining title to lands, tenements, or other real property"). Indeed, it is

---

[4] To be the fodder for an action in trespass to try title, the interest (though in land) must be possessory. *See Richmond v. Wells*, 395 S.W.3d 262, 266-67 (Tex. App.—Eastland 2012, no pet.) (holding that the claimant need not have prosecuted an action in trespass to try title because the interest involved was non-possessory); *Glover v. Union Pac. R.R.*, 187 S.W.3d 201, 210-11 (Tex. App.—Texarkana 2006, pet. denied) (stating that "[b]ecause trespass to try title is a possessory remedy, however, a non-possessory interest such as an overriding royalty interest is not suitable for a trespass-to-try-title suit"); *T-Vestco Litt-Vada v. Lu-Cal One Oil Co.*, 651 S.W.2d 284, 291 (Tex. App.—Austin 1983, writ ref'd n.r.e) (stating that an action in trespass to try title was unavailable even though the type of royalty involved was "an interest in land" because it was a non-possessory interest).

5

the sole or exclusive way by which such title is determined. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 389 (Tex. 2011).

Again, Collins is claiming ownership of or title to a working interest in the minerals encompassed by two oil and gas leases. That right to produce, exploit, and participate in the production of the minerals was and is a possessory interest in real property. So, his claim fell within the scope of § 22.001(a) of the Texas Property Code. Thus, the exclusive way by which the claim could be adjudicated was through an action in trespass to try title. Here, however, Collins did not seek summary judgment on that basis. Instead, he requested "partial judgment on his claim for Declaratory Relief," which request the trial court granted. Consequently, that manner in which title or ownership was adjudicated was statutorily prohibited.[5]

In sum, the trial court erred in entering summary judgment decreeing that Collins owned a 1.974% working interest in the leases mentioned by the 1983 document. This error was also harmful since it resulted in the rendition of an improper judgment.

Accordingly, we reverse the judgment and remand the cause to the trial court.

Brian Quinn
Chief Justice

---

[5] Collins cites *Teon Management, LLC v. Turquoise Bay Corp.*, 357 S.W.3d 719 (Tex. App.—Eastland 2011, pet. denied) as permitting the use of a declaratory proceeding to adjudicate the dispute here. *Teon* suggested, in *dicta*, that a declaratory action may be appropriate to construe an assignment and determine the percentage of the ownership conveyed by it. *Id.* at 727. Yet, we do not have before us a situation wherein the parties agree that an assignment was made and only the percentage assigned necessitated resolution via construction of the document manifesting the transaction. Our dispute concerns whether any mineral interest was actually conveyed.