**Dwain FAGAN, Sr. and Rose Lee Fagan, Appellants,**

v.

**Calvin L. CRITTENDEN and Addie L. Crittenden, Appellees.**

No. 10–04–00042–CV.

Court of Appeals of Texas, Waco.

April 13, 2005.

Eric C. Farrar, Rex Davis, Sheehy Lovelace & Mayfield, PC, Waco, for appellants.

Steve Robertson, Phil Robertson, Robertson Robertson & Silas LLP, Clifton, for appellees.

TOM GRAY, Chief Justice, dissenting in opinion on motion for rehearing.

We should request a response and address the issues raised in the Fagans's motion for rehearing. Tex.R.App. P. 49.2

Most motions for rehearing do nothing more than rehash the same arguments made in the original brief on appeal. This motion for rehearing is different. This motion for rehearing does three things that cause me to know that we need to address the issues raised therein. First, it points out the fact that we did not address all of the Fagans's arguments on the single issue addressed in the opinion. Second, it points out that, unlike most appeals, a simple affirmance of the trial court's judgment on one theory does not eliminate the need, in this particular appeal, to address each of the other theories raised on appeal that may support the judgment. Third, and finally, the motion for rehearing calls attention to the fact that this appeal should, but does not, resolve the entire dispute between the parties.

### The Dispute, the Judgment, and the Findings of Fact

This is a dispute over access to property. The original opinion adequately explains the dispute but unfortunately does not fully resolve it. The trial court's judgment contains the following statement: "It is Declared that there exists a right of way and easement as described on Exhibit 'A', attached to and incorporated in this judgment by reference, for all purposes of residential and agricultural ingress and egress to Plaintiffs' real property, the dominant estate." The attached exhibit "A" is only a metes-and-bounds description of the area of the "right of way and easement" and contains no description of the scope of the rights of the dominant estate owner for the uses of the area defined by the survey.

The judgment also provides the "easement is appurtenant to Plaintiffs' real property described above, and crosses the servient estate.... That easement further includes the right to maintain telephone lines therein, to trim branches from trees on the property of Defendants abutting the easement, and the right to mow and maintain the right-of-way to keep the ease-

ment clear, safe, and useable." The judgment also includes a permanent injunction which prohibits the Fagans from "blocking, obstructing or closing in any manner the easement described...."

While the content of the judgment can easily be argued as solely referring to an easement, the trial court's findings make this argument a bit problematic. The trial court's first finding of fact states: "The roadway has been thrown open to public use since the memory of man runneth not to the contrary. Its long use by the public with full knowledge of Defendants' predecessors in title amounts to a dedication of the roadway for public use." The third finding blends concepts related to an easement created by implication with an easement created by necessity, then states: "Plaintiffs own an easement in the roadway by necessity." The trial court's seventh finding states: "Defendants are estopped to deny Plaintiffs' rights and use of the roadway." And the trial court's ninth finding states: "Plaintiffs hold an easement for access to Plaintiffs' real property over the roadway by prescription."

### The Appeal

The Fagans conceded they had their work cut out for them on appeal, acknowledging they would need to defeat every ground on which the judgment could be based that had support in the findings of fact. *See* TEX.R.APP. P. 299. The Fagans argued the judgment could not be supported on the theories of 1) a public roadway, 2) easement by estoppel, 3) easement by necessity, 4) easement by prescription, or 5) easement by implication. They also attacked the award of attorney's fees. The Crittendens did not argue that any theory other than those attacked by the Fagans supported the judgment.

In our original opinion, we determined only the issue of whether the judgment could be supported on the theory of implied easement. Finding the necessary support in the record for the implied finding of an implied easement, we determined that we did not need to decide the issues regarding the other theories. I now believe this was error. The relative rights and responsibilities of each theory are different. Most notable, the rights and responsibility regarding the dedication of a public roadway are profoundly different than an easement by implication.

### The Problems: Different Theories Equal Different Rights and The Dispute is Not Resolved

Litigation is supposed to put an end to the disputes between the parties. Without resolution of the question—"Upon which theory is the judgment based?"—we are nothing more than a relay station in this dispute between these parties. The inevitable questions of what rights does the servient owner retain to exercise over the property is bound to be bitter and protracted. In any event, I do not think we have resolved our most fundamental of tasks, to decide the issues presented to us by the parties that are necessary to the final disposition of the appeal. TEX.R.APP. P. 47.1. A determination that the judgment did not establish the disputed property as a public road will have profound consequences upon the Fagans's rights to control activities on the road, in addition to the ability to control the activities of the Crittendens on the road. By the way, who must pay taxes on this public road? If the road washes out due to heavy rains, who must repair it? Who can travel it? If only an easement exists, can the public go as far up the easement as needed to get to the Hill Cemetery, travel for which it has been intermittently used in the past?

Accordingly, I would address each theory upon which the judgment could be

based, primarily to define for the parties what rights and responsibilities each party has in and to the property described in Exhibit A.

## The Argument We Did Not Address

I do find it interesting to note that due to an oddity in this case, it appears that the only theory that will actually support an easement over the entire area described on Exhibit A to the judgment is an easement by necessity. The oddity is that the area described by the metes-and-bounds description runs the full length of the Fagans's western property line. The road does not. Toward the southern end of Exhibit A, the road veers off the property, entirely off the Fagans's tract, and clips across the corner of property owned by Collins before the road actually reaches the Crittendens's property.

The area at the southern end of the tract described by Exhibit A, that portion which lies beyond the hook in the road and the Crittendens's tract, is not adversely possessed and was apparently never used as part of the roadway. Thus, this hook in the road would keep this small area from being part of an easement by prescription (never adversely possessed) or an easement by implication, estoppel, or public road (never used as a part of the road). Thus the only theory that could support an easement that runs the full length of the property, without regard to the hook in the existing road, is an easement by necessity because this theory needs no road at all for its validity. *See Koonce v. Brite Estate,* 663 S.W.2d 451, 452 (Tex.1984). The other theories, however, may very well support so much of the area described on

Exhibit A that was actually used as a road.[1]

It is this oddity, and its impact on the easement by implication finding, that was argued by the Fagans as defeating the finding, that we completely failed to address in the original opinion on the merits. The Fagans strenuously argued that for an easement by implication to exist, the road cannot cross another tract, in this case, Collins's property. We failed to address this argument and thus failed to comply with the Rules of Appellate Procedure. *See* TEX.R.APP. P. 47.1.

## In Closing

Accordingly, this is one of those rare instances in which the motion for rehearing has called to my attention the need to address all of the theories argued in support of the judgment, because, in this instance, different theories have different consequences. We should decide which theories will support the judgment, if any, then reform the judgment to only those theories, if any, that support the judgment, or reform the judgment and base it only on those theories which we have decided find support in the record. *See Drye v. Eagle Rock Ranch, Inc.,* 364 S.W.2d 196 (Tex.1963); *Johnson v. Dale,* 835 S.W.2d 216 (Tex.App.-Waco 1992, no pet.)(addressing easement by deed, by prescription, by implication, and by necessity, and reforming the judgment to base it only on those theories finding support in the record. I do note, however, that easement by estoppel was not decided.). At the very least we should decide the Fagans's issues regarding dedication of a public road and determine whether the rights under any of the various easement theories provide dif-

---

1. I have not attempted to determine if it is appropriate to define a metes-and-bounds description to an easement created in any manner other than as easement by deed. The physical size of the easement described on Exhibit A or its uses as described in the judgment, has not been directly attacked in this appeal.

fering rights. It may be that the rights of an easement by implication, prescription, and estoppel are the same. We know, however, that the area for these easements cannot support the entirety of area described in the judgment.

### CONCLUSION

For these reasons I can no longer join in the judgment rendered by this Court on February 23, 2005. I respectfully dissent to the judgment, and the Court's failure to address these issues by its summary denial of the motion for rehearing.