**Dismissed and Opinion filed May 7, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00605-CV

## AMELIA V. KELLY, Appellant

## V.

## MATTHEW D. WIGGINS, JR., Appellee

**On Appeal from the 122nd Judicial District Court
Galveston County, Texas
Trial Court Cause No. 11CV0325**

## O P I N I O N

This is an appeal from a 2014 order of judicial foreclosure in favor of Matthew D. Wiggins, Jr. The trial court signed the order when it granted Wiggins's motion to enforce a 2012 final judgment on a jury verdict and the lien created in Wiggins's favor by such judgment. In six issues, Amelia V. Kelly urges the following:

(1)    Is the Order of Judicial Sale void because the trial court no longer had jurisdiction to materially change its final judgment by ordering foreclosure upon Ms. Kelly's homestead?

(2)    By failing to conduct a trial on the merits, or even an evidentiary hearing before summarily ordering foreclosure, did the trial court violate Ms. Kelly's constitutional right to due course of law, both procedural and substantive?

(3)    Did the trial court violate the Texas Constitution's bar on the forced sale of a homestead because no exception to the constitutional bar was established?

(4)    Did the trial court err by impermissibly aiding Wiggins to reach what was exempt property of Ms. Kelly or to reach property subject to a claim of exemption without a trial on the merits of the claim of exemption?

(5)    Did the trial court err in striking Ms. Kelly's motion for "new" trial?

(6)    Did the trial court err in allowing a judicial foreclosure without requiring Wiggins to remove the $1,000,000 mortgage lien Wiggins had caused to burden title to Ms. Kelly's homestead, which would effectively chill any foreclosure sale upon the $660,000 judicially created lien?

In response, *inter alia*, Wiggins challenges this court's appellate jurisdiction to review the order of judicial foreclosure. For the reasons set forth below, we dismiss this appeal for lack of appellate jurisdiction.

## I. INTRODUCTION

In 2012, the trial court entered a final judgment following jury trial. In addition to the trial court's recitation of the jury's answers, the trial court's material judgment recitals are:

(1)    Plaintiff, AMELIA V. KELLY, recover Judgment from Defendant MATTHEW D. WIGGINS, JR., and D. L. Hammaker declaring that the foreclosure conducted on January 5, 2010 is void and that title did not pass from Plaintiff AMELIA V. KELLY to Defendant MATTHEW D. WIGGINS,

2

JR., and that all right, title and interest of MATTEW D. WIGGINS, JR. in and to the property (hereafter referred to as the "Subject Property") [described specifically] remains vested in Plaintiff, AMELIA V. KELLY.

(2) The Subject Property is free and clear of any liens and claims of any party to the cause, subject only to (1) a lien against the Property created by this Judgment in favor of Defendant MATTHEW D. WIGGINS, JR. in the amount of $660,000.00 found by the jury for the purchase, preservation and improvement of the property, (2) any other liens of record that were otherwise valid and existing on January 5, 2010, which remain outstanding at the time of the judgment, and (3) the reimbursement rights of Defendant MATTHEW D. WIGGINS for property taxes that have been paid by MATTHEW D. WIGGINS since the verdict was delivered in this case on February 13, 2012, which were not included in the amount found by the jury for the purchase, preservation and improvement of the property.

(3) Plaintiff, AMELIA V. KELLY, shall have all such Writs and Orders as shall become, in Plaintiff's behalf, necessary to enforce the execution hereof, and to recover title and possession to the Subject Property and title in fee simple to the Property is hereby quieted in the name of Plaintiff AMELIA V. KELLY and Defendant MATTHEW D. WIGGINS is divested of all right, title and interest in the Property.

(4) Plaintiff AMELIA V. KELLY have and recover attorneys' fees . . . in the amount of $50,000.00 against Defendant MATTHEW D. WIGGINS, JR.

(5) Defendant MATTHEW D. WIGGINS, JR. have and recover attorneys' fees . . . in the amount of $50,000.00 against Plaintiff AMELIA V. KELLY.

Both Kelly and Wiggins appealed from this judgment and both subsequently dismissed their appeals. *See Kelly v. Wiggins*, No. 14-12-00710-CV, 2013 WL 85083, at *1 (Tex. App.—Houston [14th Dist.] Jan. 8, 2013) (mem. op., per curiam); *Kelly v. Wiggins*, No. 14-12-00687-CV, 2012 WL 5247354, at *1 (Tex.

App.—Houston [14th Dist.] Oct. 23, 2012) (mem. op., per curiam). Mandates issued on these appeals in late 2012 and early 2013.

In March 2014, Wiggins filed a motion to enforce final judgment and for order of judicial foreclosure and applications for temporary restraining order and for temporary injunction in the same underlying cause. Through affidavits and other documentation attached to his motion, Wiggins urged that (a) the property became the property of the bankruptcy estate of debtor Kelly; (b) a March 13, 2014 bankruptcy court order declared the property abandoned by the bankruptcy estate; (c) neither Kelly nor the bankruptcy trustee made any payments on either the mortgage lien or the Wiggins lien on the property; and (d) Wiggins has paid all costs associated with the property.

Kelly responded to Wiggins's motion with a plea in abatement (in favor of an alleged first-filed action in the Galveston County 405th Judicial District Court pertaining to the same subject) and a motion to dismiss (for lack of jurisdiction alleging the trial court's plenary power had expired). Kelly also specifically denied that (a) Wiggins has paid all costs; (b) Kelly has made no payments on the mortgage; or (c) Kelly took possession of the home by breaking into it. Kelly attached no evidence regarding these denied facts.

On April 3, 2014, the trial court denied Kelly's plea in abatement and the motion to dismiss. On June 23, following hearings on March 25[1] and May 12, the trial court entered an order of judicial foreclosure (the judicial foreclosure order) as follows:

> ORDERED that a the lien in favor of Matthew D. Wiggins, Jr. set
> forth in the Court's Final Judgment of June 22, 2012, for the amount

---

[1] The March 25 hearing began as a hearing on the temporary injunction but was recessed in short order for the trial court to consider pleadings and authority on the other matters. The record does not reflect that proceedings reconvened that day.

4

of $660,000 found by the jury to be for the purchase, preservation and improvement of the property should be and hereby is judicially foreclosed as the subject property [described specifically].

On July 23, Kelly timely appealed in this cause.

On October 1, Kelly filed a petition for writ of mandamus urging the same six issues she raises in this appeal. This court stayed the imminent foreclosure sale and requested a response from Wiggins. On October 30, we denied Kelly's petition for writ of mandamus, noting that Kelly failed to demonstrate entitlement to mandamus relief. *See In re Kelly*, No. 14-14-00789-CV, 2014 WL 5492809, *1 (Tex. App.—Houston [14th Dist.] Oct. 30, 2014, orig. proceeding) (mem. op., per curiam). A new execution order of sale issued. On November 25, Kelly filed another petition for writ of mandamus urging the same six issues outlined above. We again denied the petition along with the requested stay. *See In re Kelly*, No. 14-14-00944-CV, 2014 WL 7524979, *1 (Tex. App.—Houston [14th Dist.] Nov. 26, 2014, orig. proceeding) (mem. op., per curiam). We now consider Kelly's current appeal.

## II. ANALYSIS

As we must, we first consider Wiggins' challenge to this court's appellate jurisdiction over the judicial foreclosure order.

Ordinarily, a litigant may take an appeal only from a final judgment. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)). The legislature has also authorized certain appeals from interlocutory orders. *See, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. However, Texas courts construe these statutes strictly. *Jackson*, 53 S.W.3d at 355. It is undisputed that the judicial

5

foreclosure order is neither a final judgment nor an interlocutory order subject to direct appeal. In fact, as noted above, the parties each dismissed their appeals from the final judgment in this cause.

This court has recently articulated the general rule that "post-judgment orders made for the purpose of enforcing or carrying into effect a prior judgment are not subject to appeal because they are not final judgments." *Walter v. Marathon*, 422 S.W.3d 848, 855 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890, 893 (1956); *In re Doe*, 397 S.W.3d 847, 849 (Tex. App.—Fort Worth 2013, orig. proceeding); *Wall St. Deli, Inc. v. Boston Old Colony Ins. Co.*, 110 S.W.3d 67, 69 (Tex. App.— Eastland 2003, no pet.); *Katz v. Inglehart*, No. B14–91–1376–CV, 1992 WL 56862, at *1 (Tex. App.—Houston [14th Dist.] March 26, 1992, writ denied) (not designated for publication)). Although Kelly argues that the judicial foreclosure order is an erroneous enforcement of the prior final judgment, Kelly does not assert that it is something other than a post-judgment enforcement order.

We nonetheless must determine whether the judicial foreclosure order is a post-judgment enforcement order. In the 2012 judgment, the trial court affirmed Kelly's rights in the subject property, but the court also established a judicial lien against the property in favor of Wiggins for $660,000. In so doing, the court acknowledged Kelly's debt obligation to Wiggins for $660,000 and rendered the subject property as security for the payment of that debt. *See* Tex. Bus. & Com. Code Ann. § 24.002(8) (defining "lien"); Tex. Civ. Prac. & Rem. Code Ann. § 12.001(3) (same). Thus, by making the subject property security for Kelly's indebtedness to Wiggins, foreclosure was an inherent possibility in the event that Kelly failed to satisfy her debt. *See Gevinson v. Manhattan Constr. Co. of Okla.*, 449 S.W.2d 458, 465 (Tex. 1969) ("The purpose of foreclosure is to subject

6

property covered by a lien to payment of the indebtedness secured by the lien."). Therefore, the trial court's judicial foreclosure order in light of Kelly's non-payment of her debt qualifies as a post-judgment enforcement order because it is not (a) inconsistent with the original judgment; (b) a material change in the substantive adjudicative portions of the judgment; or (c) an order that requires the performance of obligations not required by the judgment. *See Custom Corporates, Inc. v. Security Storage, Inc.*, 207 S.W.3d 835, 839 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

We find further support for the conclusion that the trial court's judicial foreclosure order is a post-judgment enforcement order in *Jong Ik Won v. Fernandez*, 324 S.W.3d 833 (Tex. App.—Houston [14th Dist.] 2010, no pet.). In that case, we affirmed the ability of a party to satisfy a judgment through an execution sale of real property without having to establish a judgment lien as provided by Chapter 52 of the Texas Property Code. *Id.* at 834–35. We explained that "[e]xecution is a method of enforcing a judgment." *Id.* at 834. We further noted the "well-settled law that a judgment lienholder can foreclose on a judgment lien in an independent suit *or through an execution sale*." *Id.* at 835 n.2 (emphasis added) (citing *Baker v. West*, 36 S.W.2d 695, 697 (Tex. 1931)); *see also Katz v. Bianchi*, 848 S.W.2d 372, 375 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding) ("Trial courts must have some power to enforce settlements and other judgments, or else such judgments would be hollow . . . . Trial courts have broad discretion in the enforcement of their judgments.").

In sum, we conclude that the judicial foreclosure order is a post-judgment enforcement order. Accordingly, in line with our *Walter* precedent, we lack jurisdiction to consider this appeal from a post-judgment enforcement order.[2]

### III. CONCLUSION

Because we have determined that we are without jurisdiction over this appeal, it is dismissed.


/s/      Sharon McCally
               Justice


Panel consists of Justices Boyce, McCally, and Donovan.

---

[2] In *Walter*, we also determined that a challenge to such post-judgment enforcement orders are properly brought through a mandamus proceeding because there is no adequate remedy by appeal. *Walter*, 422 S.W.3d at 856. And under certain circumstances, courts should construe a litigant's appeal as a petition for writ of mandamus where, to do otherwise, would elevate form over substance. *See, e.g.*, *CMH Homes v. Perez*, 340 S.W.3d 444, 453 (Tex. 2011). But in this case, Kelly has already availed herself twice of this appellate remedy for review of an erroneous post-judgment enforcement order: as outlined above, this court has previously considered Kelly's identical issues on two petitions for writ of mandamus and determined that she is not entitled to relief.