

# Fourth Court of Appeals
## San Antonio, Texas

November 13, 2015

No. 04-15-00636-CV

John E. **VOGT** and Nelda L. Vogt,
Appellants

v.

**MARIN REAL ESTATE PARTNERS**, Et al.,
Appellees

From the 216th Judicial District Court, Kendall County, Texas
Trial Court No. 06-150
Honorable N. Keith Williams, Judge Presiding

# O R D E R

Appellants John E. Vogt and Nelda L. Vogt have filed a notice of appeal stating that they intend to appeal the trial court's post-judgment order of September 3, 2015. The final judgment in this case was signed on April 23, 2010. On July 22, 2015, the Vogts filed in the trial court a "Post-Judgment Motion to Give City of Boerne Authority to Issue Demolition Permits." In the motion, the Vogts stated that because none of the defendants had complied with the final judgment, they had applied to the City of Boerne for demolition permits to begin removing buildings, fences, culverts, curbs, sidewalks, air conditioning units, and other items within the confines of their easement. They explained that the city had refused to issue the permits without a court order. Thus, the Vogts requested an order from the trial court authorizing the city to issue demolition permits.

On September 3, 2015, the trial court signed an order that gave the Vogts "the Court's authority to apply to the City of Boerne for the applicable permits to remove all fences, culverts, curbs, sidewalks, air conditioning units, and any other items and structures that are within the confines of the Vogts' easement." The trial court's order, however, explicitly stated that the Vogts did "not have the authority, at this time, to apply to the City for a permit to remove portions of the buildings that are within the confines of the easement." The Vogts then filed their notice of appeal, stating that they intend to appeal the trial court's order of September 3, 2015.

Ordinarily, a litigant may appeal only from a final judgment. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The legislature has also authorized certain appeals from interlocutory orders. *See,*

*e.g.,* Tex. Civ. Prac. & Rem. Code Ann. § 51.014. Here, the trial court's order of September 3, 2015 is neither a final judgment nor an interlocutory order subject to direct appeal. Instead, it is a post-judgment order.

The Fourteenth Court of Appeals has held that post-judgment orders made for the purpose of enforcing or carrying into effect a prior judgment are not subject to appeal because they are not final judgments. *See Kelly v. Wiggins*, 466 S.W.3d 324, 328 (Tex. App.—Houston [14th Dist.] 2015, no pet.). It explained that challenges to post-judgment enforcement orders are properly brought through a mandamus proceeding. *See id.* at 328 n.2. In contrast, the Dallas Court of Appeals, in a conclusory fashion, has stated that "[p]ost-judgment orders embodying awards to claimants or enforcing the court's judgment itself are appealable orders; they function like judgments." *Cook v. Stallcup*, 170 S.W.3d 916, 920 (Tex. App.—Dallas 2005, no pet.).

We ORDER appellants to show cause in writing by **December 3, 2015** why this appeal should not be dismissed for lack of jurisdiction. We suspend all appellate deadlines pending our determination of whether we have jurisdiction over this appeal.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 13th day of November, 2015.

_____
Keith E. Hottle
Clerk of Court