

# Fourth Court of Appeals
## San Antonio, Texas

May 31, 2016

No. 04-16-00283-CV

Lee Nick **MCFADIN** III,
Appellant

v.

**BROADWAY COFFEEHOUSE, LLC** and Marcus Rogers, as Trustee for the Saks Children
Trusts a/k/a ATFL&L, A Texas Trust,
Appellees

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-17001
Honorable Antonia Arteaga, Judge Presiding

# O R D E R

The trial court signed a judgment in this case on October 20, 2014. The judgment was in favor of appellees. The judgment included an award of trial and appellate attorney's fees. The trial court, after a hearing, set a supersedeas bond in the amount of $170,237.76. Appellant appealed the judgment to this court. In conjunction with the appeal, appellant filed in this court a motion asking that we review and thereafter reduce the amount of the supersedeas bond. Appellant's motion was denied by the panel and then when appellant asked for an en banc rehearing, denied it en banc. Appellant then filed the bond in January 2015. In October 2015, we issued our opinion affirming the trial court's judgment. We subsequently denied appellant's requests for rehearing, and the supreme court ultimately denied appellant's petition for review. Thereafter, our mandate issued on April 8, 2016.

On April 27, 2016, the trial court signed an order entitled "Order Requiring Payment of Supersedeas Bond." The trial court also signed an order "Establishing Attorney's Fees Due on Judgment." In the first order, the trial court ordered appellant Lee Nick McFadin III and SureTec Insurance Company to pay certain amounts to appellees representing the supersedeas bond posted on January 15, 2015.[1] The bond was posted to supersede the October 14, 2014 judgment in favor of appellees. In the second order, the trial court restated the amount of attorney's fees due pursuant to its original judgment. Appellant filed a notice of appeal

---

[1] The bond was never made part of the clerk's record in appellate number 04-14-00734-CV. Accordingly, this court was unaware a supersedeas bond had been posted. We therefore did not address the release of the bond in our judgment.

challenging the first order and then filed an amended notice of appeal to include the second order.

After reviewing the clerk's record, our prior opinion and the documents filed therein, and the documents recently filed by the parties, it appears we lack jurisdiction over appellant's attempted appeal.

Under Texas law, post judgment orders that merely enforce or carry into effect a prior judgment or order are not subject to appeal because they are not final judgments. *Kelly Wiggings*, 466 S.W.3d 324, 327 (Tex. App.—Houston [14th Dist.] 2015, no pet.). After a mandate issues, a trial court has jurisdiction to perform duties consistent with the appellate court's mandate. *See, e.g., Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 685 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). It appears the trial court orders from which appellant is attempting to appeal are interlocutory post-judgment enforcement orders, enforcing this court's mandate, which has issued. Given the record establishes the amount of the supersedeas bond was based on evidence regarding rental value for eighteen months and the appeal last eighteen months, we fail to see how the taking of additional evidence was necessary. Accordingly, we **ORDER** appellant to file a written response in this court on or before **June 20, 2016** showing why this appeal — appeal number 04-16-00283-CV — should not be dismissed for want of jurisdiction because the order from which appellant seeks to appeal are interlocutory and not appealable. If appellant fails to file a satisfactory response, we will dismiss the appeal for want of jurisdiction.

We **order** the clerk of this court to serve a copy of this order on the trial court and all counsel.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 31st day of May, 2016.

_____
Keith E. Hottle
Clerk of Court