

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00283-CV

Lee Nick **MCFADIN III**,
Appellant

v.

**BROADWAY COFFEEHOUSE, LLC** and Marcus Rogers, as Trustee for the Saks Children Trusts a/k/a ATFL&L, a Texas Trust,
Appellees

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-17001
Honorable Antonia Arteaga, Judge Presiding

PER CURIAM

Sitting:    Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice

Delivered and Filed:  July 6, 2016

DISMISSED FOR WANT OF JURISDICTION

The trial court signed a judgment in favor of appellees on October 20, 2014.  The judgment included an award of trial and appellate attorney's fees.  The trial court, after a hearing, set a supersedeas bond in the amount of $170,237.76.  Appellant appealed the judgment to this court. *See Saks v. Broadway Coffeehouse LLC*, No. 04-14-00734-CV, 2015 WL 6511192 (Tex. App.—San Antonio Oct. 28, 2015, pet. denied) (mem. op.).  In conjunction with the appeal, appellant filed in this court a motion asking that we review and thereafter reduce the amount of the supersedeas bond. *Id.* at *6.  Appellant's motion was denied. *Id.*  Appellant then filed the bond

set by the trial court in January 2015. In October 2015, we rendered our opinion and judgment, which affirmed the trial court's judgment. *Id.* We subsequently denied appellant's requests for rehearing, and the supreme court ultimately denied appellant's petition for review. Thereafter, our mandate issued on April 8, 2016.

On April 27, 2016, the trial court signed an order entitled "Order Requiring Payment of Supersedeas Bond." The trial court also signed an order "Establishing Attorney's Fees Due on Judgment." In the first order, the trial court ordered appellant Lee Nick McFadin III and SureTec Insurance Company to pay certain amounts to appellees representing the supersedeas bond posted on January 15, 2015.[1] The bond was posted to supersede the October 14, 2014 judgment in favor of appellees. In the second order, the trial court restated the amount of attorney's fees due pursuant to its original judgment. Appellant filed a notice of appeal challenging the first order and then filed an amended notice of appeal to include the second order. Appellant also requested we grant a temporary stay of the trial court's April 27, 2016 order, which we granted pending further order of this court.

After reviewing the clerk's record, our prior opinion and the documents filed therein, and the documents recently filed by the parties, it appeared we lack jurisdiction over appellant's attempted appeal. Accordingly, we ordered appellant to file a written response in this court on or before June 20, 2016, showing why the current appeal should not be dismissed for want of jurisdiction because the order from which appellant seeks to appeal is interlocutory and not appealable. Appellant filed a response on June 20, 2016. However, appellant's response does not persuade this court that we have jurisdiction over the appeal.

---

[1] The bond was never made part of the clerk's record in appellate number 04-14-00734-CV. Accordingly, this court was unaware a supersedeas bond had been posted. We therefore did not address the release of the bond in our judgment.

Under Texas law, post judgment orders that merely enforce or carry into effect a prior judgment or order are not subject to appeal because they are not final judgments. *Kelly v. Wiggins*, 466 S.W.3d 324, 327 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Even after mandate issues, a trial court has jurisdiction to perform duties consistent with the appellate court's mandate. *See, e.g., Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 685 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). We hold the trial court orders from which appellant is attempting to appeal are interlocutory, post judgment enforcement orders, enforcing the trial court's prior judgment in accordance with this court's previously issued mandate. *See Kelly*, 466 S.W.3d at 327; *see also Madeksho*, 112 S.W.3d at 685. The orders do not, as appellant seems to contend, award new or additional damages or attorney's fees that were not part of the prior trial court judgment, secured by the attendant supersedeas bond. Nor are the orders in the nature of an appealable turnover order. Rather, the orders merely enforce the prior trial court's judgment and attendant supersedeas bond, for which evidence was presented in 2014. We affirmed that judgment. *See Saks*, 2015 WL 6511192, at \*6. Moreover, with regard to the supersedeas bond, appellant attempted to challenge the amount of the bond in this court in conjunction with the original appeal by filing a motion pursuant to Rule 24.4 of the Texas Rules of Civil Procedure. *Id.*; *see* TEX. R. APP. P. 24.4(a). We denied appellant's motion relating thereto. *Saks*, 2015 WL 6511192, at \*6. Appellant then attempted to raise the supersedeas issue again in his brief in the prior appeal. *Id.* We advised appellant that we had already issued two orders, including an en banc order, denying his challenge to the amount of the supersedeas bond. *Id.* Thus, the issue regarding the amount of the bond has been litigated and decided. *See id.*

Based on the foregoing, we hold the trial court orders from which appellant is attempting to appeal are post judgment orders rendered for the purpose of enforcing or carrying out a prior judgment. *See Kelly*, 466 S.W.3d at 327. They are not subject to appeal because they are not final

judgments. *See id.* Accordingly, we lack jurisdiction to consider this appeal and order it dismissed for want of jurisdiction.

On May 6, 2016, we rendered an order granting appellant's motion to stay the trial court's April 27, 2016 order, which was entitled "Order Requiring Payment of Supersedeas Bond." Given our dismissal of this appeal, we further order the stay imposed by our May 6, 2016 order lifted.

PER CURIAM