

IN THE
TENTH COURT OF APPEALS

_____

No. 10-18-00329-CV

CURTIS CAPPS,

Appellant

v.

THE KNOWN AND UNKNOWN
HEIRS OF PRISCILLA FOSTER, ET AL,

Appellees

_____

From the 272nd District Court
Brazos County, Texas
Trial Court No. 12-001362-CV-272

_____

DISSENTING OPINION

_____

I. Position

I cannot agree with the Court's opinion or judgment.

II. Jurisdiction

It may be that we don't have jurisdiction. The parties have framed a Motion to Dismiss and Response in Opposition. If the Appellees' Motion to Enforce Judgment pursuing injunctive relief and the trial court's Order granting an injunction is not an

appealable Order, this Court has no jurisdiction to review by direct appeal that Order. *See Kelly v. Wiggins*, 466 S.W.3d 324, 327 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("post-judgment orders made for the purpose of enforcing or carrying into effect a prior judgment are not subject to appeal because they are not final judgments."). That Motion pleads for relief to enforce the Final Judgment in Cause Number 12-001362-CV-272 between these parties.[1] *Capps v. Foster*, No. 10-14-00061-CV, 2016 WL 279022 (Tex. App.—Waco Jan. 21, 2016, pet. denied) ("*Capps I*"). If there is no jurisdiction, we should dismiss.[2]

### III. What About An Appeal?
### Adverse Possession and Landlocked

We found in *Capps I* in 2016 that Appellant Capps should not prevail against Appellees "Foster Heirs" because of their superior adverse possession title to 64.35 acres, landlocked inside a total tract of 285.50 acres. *Id.* Our jurisprudence does not favor landlocked realty. *See Hamrick v. Ward*, 446 S.W.3d 377 (Tex. 2014). In fact, since the mid-19th century, our system of justice has developed at least five designated access easements, all proven by different element groupings. *See Fagan v. Crittenden*, 166 S.W.3d 748, 749 (Tex. App.—Waco 2005, pet. denied) (Gray, C.J., dissenting on reh'g). The *Capps I* trial and appellate dispositions said nothing about access or appeals. In fact, the earliest discord between these parties on the subject of access appeared to commence in September 2017.

---

[1] These parties certainly can pursue other procedures and remedies.

[2] The trial court's Order is not an appealable interlocutory order.

## IV. Limitations and Easements

If this Court has jurisdiction, I disagree there is a valid limitations question that prohibits Appellees' access by easement. However, it is plausible that this appeal should reverse and remand to the trial court for further proceedings, likely to more fully develop what I believe to be multiple easement access questions. *See Staley v. Stiles*, 483 S.W.3d 545 (Tex. 2016); *Harrington v. Dawson-Conway Ranch, Ltd.*, 372 S.W.3d 711 (Tex. App.— Eastland 2012, pet. denied).

If limitations on reversal is an issue, we have adopted a succinct view from the Supreme Court of Texas that coincides, as I see it, with the limitations clock starting to run on easement application after access disputes started in the fall, 2017.

> A cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 828 (Tex.1990); *see also Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990) ("[A] cause of action can generally be said to accrue when the wrongful act effects an injury."). Today we are asked to decide whether, in a suit by an insured against its agent for negligent breach of the agent's duty to obtain insurance, the injury-producing event was the denial of coverage by the insurance company, or the final resolution of the coverage dispute by the courts. We hold that Kenneco sustained injury when coverage was denied and, therefore, limitations commenced on that date because all facts required for a cause of action existed at that time. *See Gilbreath v. White,* 903 S.W.2d 851, 856 (Tex.App.—Texarkana 1995, no writ) (holding that legal injury occurred for purposes of negligence action against insurance agent when insurance company rejected the claim); *see also Bush v. Ford Life Ins. Co.,* 682 So.2d 46, 47–48 (Ala. 1996); *Plaza Bottle Shop v. Al Torstrick Ins. Agency,* 712 S.W.2d 349, 350 (Ky. Ct. App. 1986).

*Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998).

## V.  Conclusion

Since I disagree with the Court on its proposed Memorandum Opinion, I respectfully would dismiss the current appeal or reverse and remand the proposed disposition to the trial court for further proceedings consistent with my dissent.

Respectfully, I dissent.


REX D. DAVIS
Justice

Dissenting opinion delivered and filed August 21, 2019.

