

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-17-00108-CV**

**IN THE MATTER OF THE MARRIAGE OF**
**ANGELINA SANDOVAL AND ANGEL SANDOVAL**
**AND IN THE INTEREST OF A.M.S., A CHILD**

_____

**From the 378th District Court**
**Ellis County, Texas**
**Trial Court No. 93422D**

_____

## DISSENTING OPINION ON MOTION FOR REHEARING

_____

This may be the second-best motion for rehearing that I have considered in over 20 years on this appellate bench.[1] In this motion, the appellant directs the Court to the specific evidence relevant to why the appellee had to know, not only that the appellant, which is her husband, was not in the United States, but also where he was living in Mexico. He had left the United States five years earlier; he had not returned; and they had a three-year-old child of the marriage—absent immaculate conception, his wife necessarily had to have been with him in Mexico. I would request a response, as we must

_____

[1] The best remains *Fagan v. Crittenden*, 166 S.W.3d 748 (Tex. App.—Waco 2005, order) (C.J., Gray, dissenting).

before granting relief on a motion for rehearing, *see* Tᴇx. R. Aᴘᴘ. P. 49.2, to more fully address why the failure to comply with the Hague Convention trumps the purported compliance with an alternate method of service.[2] Moreover, in the motion for rehearing, the appellant lays out a compelling case for granting a new trial under the *Craddock* test. *See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex. 1939).

I would request a response to the motion for rehearing with a view to granting relief and remanding this proceeding for a new trial. The ability to take a house from a non-resident of the United States of America by failing to clearly and strictly comply with international treaties and our laws and rules regarding service of process should not be affirmed.

Accordingly, I respectfully, but strongly, dissent to continuing this miscarriage of justice.


TOM GRAY
Chief Justice

Dissenting opinion issued and filed October 15, 2019



---

[2] I dissented from the original opinion of the Court because I do not believe that the appellee has proved valid compliance for use of an alternate method for service of process. That is still my opinion.

In the Matter of the Marriage of Sandoval and In the Interest of A.M.S                    Page 2