**Opinion issued August 10, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00758-CV

———————————

**RUSHMORE LOAN MANAGEMENT SERVICES, LLC, Appellant**

**V.**

**HARRIS COUNTY, HARRIS COUNTY DEPARTMENT OF EDUCATION, PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, HARRIS COUNTY FLOOD CONTROL DISTRICT, HARRIS COUNTY HOSPITAL DISTRICT, CITY OF HOUSTON, HOUSTON INDEPENDENT SCHOOL DISTRICT, HOUSTON COMMUNITY COLLEGE SYSTEM, LYNDA DEWITT KALANTZAKIS, UNITED STATES OF AMERICA, BRIARGROVE PARK PROPERTY OWNERS, INC., AND DIVA INVESTMENTS, LLC, Appellees**

———————————

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-50307**

## MEMORANDUM OPINION

In this lawsuit for delinquent ad valorem taxes, appellant Rushmore Loan Management Services, LLC ("Rushmore") attempts to appeal from an order disbursing excess proceeds from the court's registry, an order denying Rushmore's motion to vacate the disbursement order and denying Rushmore's claim for excess proceeds, and a master in chancery's report recommending denial of Rushmore's motion to vacate. Appellee Lynda Dewitt Kalantzakis challenges this Court's appellate jurisdiction to review the two orders and the master's report. We dismiss the appeal for want of jurisdiction.

### Background

Appellee Harris County filed the underlying lawsuit to collect delinquent property taxes for tax years 2014 and 2015 on behalf of itself and various taxing units, including the City of Houston, Houston Independent School District, Houston Community College System, Harris County Department of Education, Port of Houston Authority of Harris County, Harris County Flood Control District, and Harris County Hospital District (collectively "Harris County"). Harris County sued appellees Lynda Dewitt Kalantzakis, who owned the real property; the United States of America on behalf of the Department of Housing and Urban Development ("HUD"), which had a lien on the property under a closed-end fixed-rate home equity conversion deed of trust securing payment on a fixed-rate note, commonly

known as a reverse mortgage; and Briargrove Park Property Owners, Inc. ("Briargrove"), which had a vendor's lien on the property for unpaid annual maintenance assessment fees. On May 5, 2017, the trial court entered judgment awarding Harris County, among other things, delinquent taxes and foreclosure of the tax lien and authorizing the sale of the property. The real property was sold at a tax sale on November 7, 2017, and the excess proceeds from the tax sale were placed in the trial court's registry.[1]

On October 12, 2017, HUD assigned its interest in the deed of trust on the real property to U.S. Bank National Association in care of its trustee, Rushmore.[2]

On December 28, 2017, Kalantzakis filed a petition to withdraw excess proceeds from the court's registry. She set her petition for a hearing on February 9, 2018. *See* TEX. TAX CODE § 34.04(a) (authorizing any person to "file a petition in the court that ordered the seizure or sale setting forth a claim to the excess proceeds" within two years of date of sale of property). Prior to the hearing, Harris County and Briargrove also filed petitions to withdraw excess proceeds from the court's

---

[1] Appellee Diva Investments, LLC purchased the real property at the tax sale.

[2] In its brief, Rushmore states that it is the "servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC trust, Series 2016-CTT."

3

registry.[3] On February 26, 2018, the trial court signed an order granting these three petitions and disbursing all the excess proceeds in the court's registry to Kalantzakis, Harris County, and Briargrove ("disbursement order"). The disbursement order awarded $306,146.17 of the excess proceeds to Kalantzakis and the remainder of the excess proceeds to Harris County and Briargrove.

On February 9, 2018, before the trial court signed the disbursement order, Rushmore filed a third-party petition for excess proceeds based on the assignment of the deed of trust on the property to it from HUD.[4] Rushmore did not attach any evidence to its petition and did not set its petition for a hearing.

On October 16, 2018, Rushmore filed a motion to vacate the part of the disbursement order awarding excess proceeds to Kalantzakis because Rushmore claimed that it had a lien on the property with statutory priority over Kalantzakis's right to any excess proceeds. *See id.* § 34.04(c). Rushmore argued that the trial court retained plenary power to vacate its disbursement order because the order did not dispose of Rushmore's claim to the excess proceeds and therefore was not a final, appealable order when it was signed. The trial court referred Rushmore's motion to a master in chancery, who held a hearing on Rushmore's motion. At the end of the

---

[3]     Harris County claimed a right to excess proceeds for post-judgment delinquent taxes, penalties, and interest for tax year 2017.

[4]     Rushmore also asserted claims for redemption and declaratory judgment based on its redemption claim. Rushmore later nonsuited its claim for redemption.

4

hearing, Rushmore and Kalantzakis agreed to mediate but were ultimately unable to reach any agreement. Rushmore subsequently set its motion to vacate for submission before the master in chancery.

On September 3, 2019, the master in chancery issued a report to the referring district court recommending denial of Rushmore's motion to vacate as an improper collateral attack on the court's disbursement order, which the master in chancery concluded was an appealable post-judgment order. The master further recommended denying Rushmore's claim for excess proceeds as moot because no proceeds remained in the court's registry.

On September 10, 2019, Rushmore filed a notice of appeal to the referring district court requesting de novo review of the master's report under Tax Code section 33.74. *See id.* § 33.74(a) ("Any party is entitled to a hearing by the judge of the referring court" if party files appeal with referring court within ten days after master gives required notice). The record on appeal does not indicate that the trial court held a hearing. On September 13, the trial court signed an order denying Rushmore's motion to vacate and denying Rushmore's claim for excess proceeds as moot. This appeal followed.

**Appellate Jurisdiction**

The parties dispute whether this Court has appellate jurisdiction to review the two orders and the master's report listed in Rushmore's notice of appeal. Rushmore

5

argues that the trial court's disbursement order was not a final order, and thus was not immediately appealable, because it did not dispose of all parties and all claims, specifically Rushmore's claim for excess proceeds. Rushmore contends that the order denying its motion to vacate its claim for excess proceeds was a final, appealable order. Kalantzakis argues that the only appealable order was the court's disbursement order, which resolved all claims to the excess proceeds. Rushmore did not timely appeal that order.[5] For different reasons, we agree with Kalantzakis that we lack appellate jurisdiction to consider the merits of Rushmore's appeal.

## A.    Standard of Review and Governing Law

Whether this Court has appellate jurisdiction is an issue of law that we review de novo. *Caress v. Fortier*, 576 S.W.3d 778, 781 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (citing *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007)).

In general, Texas appellate courts only have jurisdiction to review final judgments, although we also have jurisdiction to review certain interlocutory orders when specifically authorized by statute. TEX. CIV. PRAC. & REM. CODE § 51.012 (authorizing appeals from final judgments in certain civil cases in district courts);

---

[5]    Harris County waived its right to file an appellate brief in this Court. Diva Investments also filed a waiver, stating that it had settled its dispute with Rushmore prior to the appeal proceedings. Briargrove did not file a waiver or an appellate brief.

*Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 788 (Tex. 2019); *Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)). A judgment is final for purposes of appeal if it finally disposes of all remaining parties and claims. *Lehmann*, 39 S.W.3d at 200. With few exceptions not applicable here, there is generally only one final judgment in a case. TEX. R. CIV. P. 301 ("Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law."); *Lehmann*, 39 S.W.3d at 192.

Texas courts strictly construe statutes authorizing appeals of interlocutory orders. *Kelly v. Wiggins*, 466 S.W.3d 324, 327 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Baylor Coll. of Med. v. Tate*, 77 S.W.3d 467, 469–70 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Most post-judgment orders issued to effect or enforce a judgment are not appealable because these orders are neither a final judgment nor an appealable interlocutory order as authorized by statute. *Sunnyland Dev., Inc. v. Shawn Ibrahim, Inc.*, 597 S.W.3d 1, 2 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm Revocable, Living Tr.*, 434 S.W.3d 236, 242 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Non-appealable post-judgment orders must be challenged by a petition for writ of mandamus. *Sunnyland Dev.*, 597 S.W.3d at 3. A direct appeal from a non-appealable

post-judgment order must be dismissed for lack of jurisdiction. *Id.*; *Kelly*, 466 S.W.3d at 328–29.

In a delinquent tax proceeding such as this one, the final judgment is the order granting judgment to the taxing units for unpaid taxes. *Ragsdale*, 273 S.W.3d at 763; *Mount Vernon United Methodist Church v. Harris Cty.*, No. 01-18-01114-CV, 2019 WL 6869333, at *2 (Tex. App.—Houston [1st Dist.] Dec. 17, 2019, pet. denied) (mem. op.). An order granting or denying a petition for disbursement of excess proceeds from a tax foreclosure sale under section Tax Code 34.04 is a post-judgment order. *Ragsdale*, 273 S.W.3d at 764; *Mount Vernon United Methodist Church*, 2019 WL 6869333, at *2. A post-judgment order "may be appealable if an appeal is statutorily authorized or if the order has the nature of a mandatory injunction that resolves property rights."[6] *Mount Vernon United Methodist Church*, 2019 WL 6869333, at *2 (quoting *Jack M. Sanders Family Ltd. P'ship*, 434 S.W.3d at 242).

The proceeds from tax foreclosure sales are governed by Tax Code sections 34.03 and 34.04. Section 34.04(a) allows any person to "file a petition in the court

---

[6] On appeal, Rushmore does not argue that either of the two orders or the master's report have the nature of a mandatory injunction that resolves property rights. *See* TEX. R. APP. P. 38.1(i) ("The [appellate] brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

that ordered the seizure or sale setting forth a claim to the excess proceeds" within two years after the property was sold. TEX. TAX CODE § 34.04(a). The court must order proceeds to be paid to each party that establishes its claim to the proceeds. *Id.* § 34.04(c). If no claimant establishes entitlement to the proceeds within this period, the "clerk shall distribute the excess proceeds to each taxing unit participating in the sale in an amount equal to the proportion its taxes, penalties, and interests bear to the total amount of taxes, penalties, and interest due all participants in the sale." *Id.* § 34.03(b).

Section 34.04(e) authorizes interlocutory appeals from orders "directing that all or part of the excess proceeds be paid to a party." *Id.* § 34.04(e). This Court and at least one of our sister courts of appeals that have considered the issue have construed section 34.04(e) to allow interlocutory appeals only from orders granting a petition to withdraw excess proceeds but not from orders denying a petition to withdraw excess proceeds. *Mount Vernon United Methodist Church*, 2019 WL 6869333, at *2; *Baldwin v. Harris Cty.*, No. 01-19-00235-CV, 2020 WL 2026366, at *2 (Tex. App.—Houston [1st Dist.] Apr. 28, 2020, no pet.) (per curiam) (mem. op.); *see 2012 Props., LLC v. Garland Indep. Sch. Dist.*, No. 05-15-01002, 2016 WL 3902585, at *2 (Tex. App.—Dallas July 14, 2016, pet. denied) (mem. op.).

**B.     Post-Judgment Orders**

As Rushmore concedes in its brief, the final judgment in this case is the May 5, 2017 order granting judgment to Harris County for unpaid taxes. *See Ragsdale*, 273 S.W.3d at 763; *Mount Vernon United Methodist Church*, 2019 WL 6869333, at *2. Rushmore does not challenge the 2017 final judgment. Instead, Rushmore challenges the post-judgment proceedings initiated under Tax Code section 34.04 and various orders signed by the trial court during the post-judgment proceedings. Specifically, Rushmore challenges (1) the February 26, 2018 disbursement order; (2) the September 3, 2019 master in chancery report; and (3) the September 13, 2019 order denying Rushmore's motion to vacate the disbursement order and denying Rushmore's claim for excess proceeds.

**1.     Disbursement Order**

The parties primarily dispute whether the trial court's disbursement order was appealable when signed. Rushmore argues that the order was not appealable when it was signed because it was not a final order in that it did not resolve all claims by all parties, specifically Rushmore's claim for excess proceeds. Kalantzakis argues that the disbursement order was immediately appealable under Tax Code section 34.04 because it was a final order. Kalantzakis contends the order was final because Rushmore did not have a valid claim to excess funds because its petition stated a

claim for redemption "and only suggested a claim to excess proceeds as an alternative argument."[7]

The determinative issue is not whether the disbursement order was a final order, as Rushmore and Kalantzakis dispute. There is generally only one final judgment in a case, which is, as Rushmore concedes, the 2017 judgment to Harris County for the unpaid taxes. *See* TEX. R. CIV. P. 301; *Lehmann*, 39 S.W.3d at 192. The disbursement order is a post-judgment order. *See Ragsdale*, 273 S.W.3d at 764; *Mount Vernon United Methodist Church*, 2019 WL 6869333, at *2. Thus, the determinative issue is whether we have statutory authority to review the post-judgment disbursement order. *Carter*, 573 S.W.3d at 788; *Ragsdale*, 273 S.W.3d at 763.

Tax Code section 34.04(e) authorizes appeals from orders "directing that all or part of the excess proceeds be paid to a party." TEX. TAX CODE § 34.04(e). This Court and at least one of our sister courts has strictly construed subsection (e), as we must, to authorize appeals only from orders granting a petition to withdraw excess proceeds but not from orders denying a petition to withdraw excess proceeds. *Mount Vernon United Methodist Church*, 2019 WL 6869333, at *2; *Baldwin*, 2020 WL

---

[7] Kalantzakis cites no case law or other authority supporting her argument that an alternative claim asserted in a petition is invalid but rather merely "suggest[s] a claim." To the contrary, Texas Rule of Civil Procedure 48 allows parties to plead alternative claims for relief. TEX. R. CIV. P. 48.

11

2026366, at *2; *2012 Props.*, 2016 WL 3902585, at *2; *see also Tate*, 77 S.W.3d at 469–70 (stating that appellate courts must strictly construe statutes authorizing appeals of interlocutory orders). Because the disbursement order granted Kalantzakis's, Harris County's, and Briargrove's petitions to withdraw excess proceeds, it is an appealable order.

While Rushmore acknowledges that Tax Code section 34.04(e) authorizes an appeal of a disbursement order, Rushmore argues that the order must dispose of all parties and claims and thus be final in order to immediately appeal it. Rushmore relies on four opinions from our sister courts to support this argument. *See generally Ragsdale*, 273 S.W.3d at 761–66; *Johnson v. Ameriquest Mortg. Co.*, No. 14-04-00121-CV, 2004 WL 1066750 (Tex. App.—Houston [14th Dist.] May 13, 2004, no pet.) (per curiam) (mem. op.); *Nelson v. Lubbock Cent. Appraisal Dist.*, No. 07-02-0349-CV, 2003 WL 1987959 (Tex. App.—Amarillo 2003, no pet.) (mem. op.); *In re Household Fin. Corp. III*, No. 14-08-00673-CV, 2008 WL 5220542 (Tex. App.—Houston [14th Dist.] Dec. 11, 2008, orig. proceeding) (mem. op.). Each of these opinions is distinguishable because they construed a prior version of section 34.04(e).

Section 34.04(e) was amended in 2009. The version of that section in effect until August 31, 2009, stated, "[A]n order under this section is appealable." Act of May 17, 2001, 77th Leg., R.S., ch. 1430, § 27, sec. 34.04, 2001 Tex. Gen. Laws

5109, 5118 (amended 2009) (current version at TEX. TAX CODE § 34.04(e)). Section 34.04(e) now states, "An order under this section directing that all or part of the excess proceeds be paid to a party is appealable." TEX. TAX CODE § 34.04(e). All the cases cited by Rushmore precede 2009, and their construction of the pre-2009 statute is inapposite to our construction of the post-2009 amendment.

The plain language of the current version of section 34.04(e) does not support Rushmore's argument because it expressly states that an order "directing that *all or part* of the excess proceeds be paid to a party is appealable." *See id.* (emphasis added). This Court's post-2009 opinions have consistently stated that such an order is appealable. *See Baldwin*, 2020 WL 2026366, at *2; *Mount Vernon United Methodist Church*, 2019 WL 6869333, at *2.

Moreover, other interlocutory orders need not finally dispose of all parties and claims to be appealable. For example, a governmental unit may appeal the denial of its plea to the jurisdiction, which does not finally dispose of any parties or claims. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8). Likewise, a party may appeal an order granting or refusing a temporary injunction, neither of which finally disposes of all parties and claims. *See id.* § 51.014(a)(4). We derive our authority to review an order that is not a final judgment from statutes, which we strictly construe. *See Carter*, 573 S.W.3d at 788; *Ragsdale*, 273 S.W.3d at 763 (citing *Lehmann*, 39 S.W.3d at 195). Section 34.04(e) does not expressly limit appellate review of orders

13

disbursing excess proceeds to final orders that dispose of all parties and claims seeking excess proceeds. *See* TEX. TAX CODE § 34.04(e).

To the contrary, the statute expressly states that an order disbursing only part of the excess proceeds is appealable. *Id.* While the trial court's order disposed of all proceeds in the court's registry, Rushmore only claims that it was entitled to the proceeds that were disbursed to Kalantzakis. Thus, we conclude that the disbursement order was appealable when signed.

Although the disbursement order was immediately appealable, Rushmore did not timely appeal that order.[8] *See* TEX. R. APP. P. 26.1(b) (requiring, in accelerated appeal, notice of appeal to be filed within twenty days after judgment signed unless party timely files motion for new trial, which extends deadline to file notice of appeal to ninety days after judgment signed), 26.3 (allowing appellate court to extend deadline to file notice of appeal upon party's motion within fifteen days after deadline for filing notice of appeal); *see also* TEX. R. APP. P. 28.1(a) (providing that appeals from interlocutory orders are accelerated appeals). The disbursement order was signed on February 26, 2018, but Rushmore did not file its notice of appeal until

---

[8] Assuming without deciding that Rushmore's motion to vacate the disbursement order could be construed as a motion for new trial—which neither party argues— Rushmore's motion was filed on October 16, 2018, nearly eight months after the disbursement order, and thus the motion to vacate did not extend the deadline to file a notice of appeal. *See* TEX. R. CIV. P. 329b(a); TEX. R. APP. P. 26.1(a).

14

September 27, 2019. Because Rushmore did not timely perfect an appeal from the February 26, 2018 order disbursing excess proceeds, we lack jurisdiction to review that order. *See* TEX. R. APP. P. 25.1(b), 26.1.

### 2. Master in Chancery Report

Although Rushmore listed the master in chancery's report in its notice of appeal, it offers no argument on appeal supporting this Court's jurisdiction to review the report. *See* TEX. R. APP. P. 38.1(i). The report merely "suggest[ed]" that the referring trial court deny Rushmore's motion to vacate and petition for excess proceeds, but it did not decide anything. In a subsequent order, the trial court adopted the recommendations in the master's report. Because we generally lack jurisdiction to review post-judgment orders and because Rushmore points to no authority allowing this Court to review the master's report, we conclude that we lack jurisdiction to review the master's report.

### 3. September 13, 2019 Order

Rushmore contends that the trial court's September 13, 2019 order adopting the master's report was a final order because it disposed of all parties and claims, namely Rushmore's claim for excess proceeds.

The September 13 order included two rulings: (1) denial of Rushmore's motion to vacate the disbursement order; and (2) denial of Rushmore's claim for excess proceeds as moot.

Rushmore does not point to any statutory authority showing our appellate jurisdiction to review an order denying a motion to vacate a prior post-judgment order. Neither the Tax Code nor section 51.014 of the Texas Civil Practice and Remedies Code, which governs appeals from interlocutory orders, authorizes appellate courts to review such an order. *See* TEX. CIV. PRAC. & REM. CODE § 51.014. As with most post-judgment orders, this part of the September 13 order is neither a final judgment nor an interlocutory order subject to appellate review. *See Sunnyland Dev.*, 597 S.W.3d at 2; *Jack M. Sanders Family Ltd. P'ship*, 434 S.W.3d at 242; *see also Rubio v. Harris Cty.*, No. 14-19-00545-CV, 2019 WL 5615564, at *3 (Tex. App.—Houston [14th Dist.] Oct. 31, 2019, no pet.) (per curiam) (mem. op.) ("The Order Denying Reconsideration is not independently appealable.").

Nor is the part of the order denying Rushmore's claim for excess proceeds appealable. Section 34.04(e) authorizes an appeal only from an order granting a petition to disburse excess proceeds; it does not authorize an appeal from an order denying a petition to disburse excess proceeds. TEX. TAX CODE § 34.04(e); *Mount Vernon United Methodist Church*, 2019 WL 6869333, at *2; *Baldwin*, 2020 WL 2026366, at *2; *see 2012 Props., LLC*, 2016 WL 3902585, at *2. We therefore lack jurisdiction to review the trial court's September 13, 2019 post-judgment order.

16

## Conclusion

We dismiss the appeal for want of jurisdiction.


April L. Farris
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Farris.

17