# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00713-CV

---

**Brian Thomas DeMarco, Appellant**

**v.**

**RECT, LLC, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY**
**NO. 24-0629-C, THE HONORABLE JIMMY ALAN HALL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

On October 29, 2024, Brian Thomas DeMarco, acting pro se, filed a notice of appeal from the "final judgment." In the notice, he states that he is seeking reversal or modification of the trial court's "Order dissolving the stay, or a new trial, or such other relief as the Court deems just and proper."

The final judgment was an agreed forcible-detainer judgment that the trial court signed on August 26, 2024.[1] The trial court awarded possession of leased premises from DeMarco to RECT, LLC, and ordered that RECT was entitled to a writ of possession. On October 8, DeMarco filed a motion for a 30-day temporary stay of eviction due to a medical emergency. The following day, the trial court granted a 30-day stay of the eviction. On October 15, RECT filed an emergency motion to dissolve the stay of eviction, arguing that the

---

[1] The agreed judgment reflects that DeMarco was represented by counsel when the trial court signed the judgment.

trial court did not have plenary power to enter the stay. *See* Tex. R. Civ. P. 329b(d). On October 22, the trial court signed an order granting RECT's motion and dissolving the stay of eviction.

RECT has filed a motion to dismiss this appeal for want of jurisdiction because DeMarco's notice of appeal was untimely. *See* Tex. R. App. P. 26.1(a) (generally requiring notice of appeal to be filed within 30 days after judgment signed); *see also* R. 2 (stating that appellate court may not alter time for perfecting appeal in civil case), 25.1(b) (providing that filing notice of appeal invokes appellate court's jurisdiction). This Court requested that DeMarco file a response to the motion by November 12. To date, DeMarco has not filed a response.

The record reflects that DeMarco's notice of appeal was filed more than 30 days after the trial court signed the final judgment, that the deadline for filing a notice of appeal was not extended by any post-judgment motions, and that DeMarco did not file the notice of appeal or a motion for extension of time to file a notice of appeal within the 15-day window for seeking an extension. *See id.* R. 26.1(a), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) ("[O]nce the period for granting a motion for extension of time under Rule 41(a)(2) [now Rule 26.3] has passed, a party can no longer invoke the appellate court's jurisdiction.").

On this record, we conclude that we lack jurisdiction over this appeal, grant RECT's motion, and dismiss this appeal for want of jurisdiction.[2] We also dismiss all pending motions as moot.

---

[2] To the extent that DeMarco is seeking to appeal from the trial court's order dissolving the stay of eviction, that order is not an independently appealable order. *See Kelly v. Wiggins*, 466 S.W.3d 324, 327 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (explaining that appeal ordinarily may be taken from final judgment or interlocutory orders authorized by legislature

_____

Rosa Lopez Theofanis, Justice

Before Justices Baker, Smith, and Theofanis

Dismissed for Want of Jurisdiction

Filed:   November 22, 2024

---

(citing Tex. Civ. Prac. & Rem. Code § 51.014)).  Further, we would lack jurisdiction over that order on the grounds of mootness.  *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005) (explaining that case becomes moot "if a controversy ceases to exist"); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (explaining that "a controversy must exist between the parties at every stage of the legal proceedings, including the appeal").  Because the order granting the 30-day stay of the eviction would have dissolved by its own terms, any dispute concerning the order dissolving the stay is moot.

3